PEOPLE v GRIDIRON

Docket No. 115357. Submitted March 13, 1990, at Grand Rapids. Decided September 11, 1990.

Michail Gridiron was charged in the Berrien Circuit Court with possession with intent to deliver cocaine in an amount of 225 grams or more but less than 650 grams. Defendant requested a jury instruction on simple possession and the trial court, Ronald J. Taylor, J., gave an instruction which substantially conformed with CJI 12:3:00, which covers violations of MCL 333.7403(2)(a); MSA 14.15(7403)(2)(a). Defendant was convicted of possession of cocaine in an amount of 225 grams or more but less than 650 grams. He was sentenced to from ten to thirty years imprisonment. Defendant's motion for a new trial, in which he alleged that the jury should have been instructed on simple possession under § 7403(2)(b) rather than under § 7403(2)(a), was denied. Defendant appealed from the denial of his motion.

The Court of Appeals *held:*

1. Defendant was entitled to an instruction based on a violation of subsection (2)(b) of § 7403.

2. The simple possession of cocaine is punishable under both subsections (2)(a) and (2)(b) of § 7403.

3. Defendant was entitled to an instruction on simple possession since simple possession is a necessarily lesser included offense of possession with intent to deliver.

4. Defendant's failure to object to the instructions as given does not constitute a waiver of this issue since, under the unique facts of this case, manifest injustice would result if the Court of Appeals failed to review this issue.

5. Section 7403 is inherently ambiguous since it punishes the possession of cocaine under two separate, divergent subsections.

6. Use Note 1 to CJI 12:3:01, which is the appropriate

REFERENCES

Am Jur 2d, Drugs, Narcotics, and Poisons §§ 16, 17, 21, 27, 27.5, 47.5.

See the Index to Annotations under Drugs and Narcotics.

instruction to give under § 7403(2)(b), incorrectly states that the instruction is not to be given if the offense involves cocaine.

7. The trial court's instructions did not adequately cover defendant's instruction request.

8. Defendant's request for an instruction on simple possession could be adequately granted only by instructing the jury under § 7403(2)(b) with an instruction based upon CJI 12:3:01.

9. The instructional error was not harmless.

10. Defendant's conviction under § 7403(2)(a)(ii) is reversed and the matter is remanded to the trial court for entry of a conviction for possession of cocaine in violation of § 7403(2)(b) and for resentencing. The prosecutor has the option of retrying defendant under § 7403(2)(a)(ii) provided the prosecutor files a motion to do so prior to sentencing. If retrial is sought, the trial court must instruct the jury on possession under both subsections (2)(a) and (2)(b) of § 7403.

Reversed and remanded.

WEAVER, J., concurred in the result only.

1. CONTROLLED SUBSTANCES — POSSESSION.

Simple possession of cocaine is punishable under both subsections (2)(a) and (2)(b) of MCL 333.7403; MSA 14.15(7403) (MCL 333.7403[2][a] and [b]; MSA 14.15[7403][2][a] and [b]).

2. CONTROLLED SUBSTANCES — POSSESSION WITH INTENT TO DELIVER.

Simple possession of cocaine is a necessarily lesser included offense to possession with intent to deliver (MCL 333.7401, 333.7403; MSA 14.15[7401], 14.15[7403]).

3. CONTROLLED SUBSTANCES — POSSESSION — JUDICIAL CONSTRUCTION.

The statute which punishes the possession of cocaine is inherently ambiguous since it punishes the possession of cocaine under two separate, divergent subsections (MCL 333.7403[2][a] and [b]; MSA 14.15[7403][2][a] and [b]).

4. CONTROLLED SUBSTANCES — JURY INSTRUCTIONS.

Use Note 1 to CJI 12:3:01, which is the appropriate instruction to give under MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b), incorrectly states that the instruction is not to be given if the offense involves cocaine (CJI 12:3:01; MCL 333.7403[2][b]; MSA 14.15[7403][2][b]).

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Dennis M. Wiley,* Prosecuting Attorney, and *David P. LaForge,* Assistant Prosecuting Attorney, for the people.

*Ernest L. White,* for defendant.

Before: MARILYN KELLY, P.J., and SAWYER and WEAVER, JJ.

SAWYER, J. Defendant was convicted, following a jury trial, of possession of cocaine in an amount of 225 grams or more but less than 650 grams. MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). He was sentenced on his conviction to serve a term of ten to thirty years in prison. He now appeals and we reverse.

Defendant was stopped on I-94 in Berrien County for speeding on August 13, 1988. He and a codefendant, Mark Shores, who was a passenger in the car, were asked to step out of the vehicle. At some point, defendant reentered the vehicle to retrieve the registration and proof of insurance. The State Police trooper observed defendant kicking a brown paper bag in front of the driver's seat. That bag was later found to contain 493 grams of a substance containing 93 percent cocaine.

Defendant was originally charged with and tried for possession with the intent to deliver cocaine in an amount of 225 grams or more but less than 650 grams. MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). Defendant's theory was that he had simply been driving the vehicle on behalf of Shores since Shores had a suspended license and that the cocaine did not belong to defendant. At the conclusion of trial, defense counsel requested that the jury be instructed on simple possession, to which the prosecutor did not object, and the jury was given an instruction which substantially conformed with CJI 12:3:00, which covers violations of § 7403(2)(a). As indicated above, defendant was, in fact, convicted of this offense.

Following his conviction, defendant moved for a

new trial on the basis of improper jury instructions in that defendant maintained that the jury should have been instructed on simple possession under § 7403(2)(b) rather than (2)(a). The trial court denied that motion.

Defendant again argues on appeal that he was entitled to an instruction based on a violation of subsection (2)(b) of § 7403 rather than subsection (2)(a). We agree.

At the time of the instant offense, MCL 333.7403; MSA 14.15(7403) provided as follows:

(1) A person shall not knowingly or intentionally possess a controlled substance unless the controlled substance was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.

(2) A person who violates this section as to:

(a) A controlled substance classified in schedule 1 or 2 which is either a narcotic drug or described in section 7214(a)(iv), and:

(i) Which is in an amount of 650 grams or more of any mixture containing that controlled substance is guilty of a felony and shall be imprisoned for life.

(ii) Which is in an amount of 225 grams or more, but less than 650 grams, of any mixture containing that controlled substance is guilty of a felony and shall be imprisoned for not less than 10 years nor more than 30 years.

(iii) Which is in an amount of 50 grams or more, but less than 225 grams, of any mixture containing that controlled substance is guilty of a felony and shall be imprisoned for not less than 5 years nor more than 20 years.

(iv) Which is in an amount of 25 grams or more, but less than 50 grams of any mixture containing that controlled substance is guilty of a felony, and shall be imprisoned for not less than 1 year and

not more than 4 years, and may be fined not more than $25,000.00 or placed on probation for life.

(v) Which is in an amount less than 25 grams of any mixture containing that controlled substance is guilty of a felony, punishable by imprisonment for not more than 4 years or a fine of not more than $25,000.00, or both.

(b) A controlled substance classified in schedule 1, 2, 3, or 4, except a controlled substance classified in schedule 1 for which a penalty is prescribed in subdivision (a), (c), or (d), is guilty of a felony, punishable by imprisonment for not more than 2 years, or a fine of not more than $2,000.00, or both.

(c) Lysergic acid diethylamide, peyote, mescaline, dimethyltryptamine, psilocyn, psilocybin, or a controlled substance classified in schedule 5, is guilty of a misdemeanor, punishable by imprisonment for not more than 1 year, or a fine of not more than $1,000.00, or both.

(d) Marihuana, is guilty of a misdemeanor, punishable by imprisonment for not more than 1 year, or a fine of not more than $1,000.00, or both.

(3) The court may depart from the minimum term of imprisonment authorized under subsection (2)[(a)](ii), (iii), or (iv) if the court finds on the record that there are substantial and compelling reasons to do so.

The question arises concerning which subsection the simple possession of cocaine is punished under. The answer, surprisingly, is that the simple possession of cocaine is punishable under both subsections (2)(a) *and* (2)(b). Subsection (2)(a) is applicable because that subsection applies to any substance contained in Schedules 1 or 2 and which is either a narcotic drug or is described in MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv), the latter reference being to cocaine and other derivatives of coca leaves. Simple possession of cocaine, however, is also punishable under subsection (2)(b) since that

subsection applies to any substance classified in Schedules 1, 2, 3 or 4 except for a *Schedule 1* substance for which a penalty is prescribed in subdivisions (a), (c) or (d). Cocaine, although punishable under subdivision (2)(a), is not a Schedule 1 substance. Rather, cocaine is a Schedule 2 substance. See MCL 333.7214(a)(iv); MSA 14.15(7214) (a)(iv); see also 1986 AACS, R 338.3116(1)(e). Since cocaine is a Schedule 2 substance, it does not come within the exception to subsection (2)(b) and, therefore, simple possession of cocaine is punishable under § 7403(2)(b) as well.

The difference in penalties between subsection (2)(a) and subsection (2)(b) is significant. The statute, as it existed at the time of the offense, punished simple possession of cocaine under subsection (2)(a) in a range from four years in prison for possession of less than 25 grams up to mandatory life in prison without parole for possession of 650 grams or more. In fact, the offense for which defendant was convicted carried a mandatory minimum sentence of ten years and a maximum sentence of thirty years. Subsection (2)(b), on the other hand, imposes a maximum sentence of two years, with no mandatory minimum.

First, it is evident that simple possession is a necessarily lesser included offense to possession with intent to deliver since the only distinguishing characteristic is the additional element of the intent to deliver in the greater offense. Cf. CJI 12:3:00 with CJI 12:3:01; see also *People v Beach,* 429 Mich 450, 461; 418 NW2d 861 (1988) (lesser included offense is an offense such that it is impossible to commit the greater offense without first having committed the lesser offense). While possession does not necessarily constitute a lesser included offense of delivery, *People v Kamin,* 405 Mich 482, 497-498; 275 NW2d 777 (1979), simple

possession is a necessarily lesser included offense of possession with intent to deliver since one obviously cannot possess a controlled substance with the intent to deliver it without having also committed the offense of possession. Accordingly, since defendant was charged with possession with intent to deliver, he was entitled to an instruction on simple possession.[1]

There remains, however, the question whether defendant's failure to object to the instructions as given constitutes a waiver of this issue and, similarly, whether the trial court's instruction as given adequately met defendant's request. We answer both questions in the negative.

When the trial court inquired as to any requested instructions on lesser included offenses, defense counsel responded, "Yes, possession." Thus, an instruction on simple possession was requested, though defendant did not object following the jury instructions when the trial court gave the instruction which corresponds to § 7403(2)(a). A failure to object to an instruction waives appellate review absent manifest injustice. *People v Benson,* 180 Mich App 433, 436; 447 NW2d 755 (1989). Under the unique facts of this case, we conclude that a miscarriage of justice would result if we were to fail to review this issue. First, as noted above, an instruction on simple possession was requested. Second, the difference in penalties between the two statutes is significant, with the misinstruction resulting in defendant's serving a ten- to thirty-year term instead of facing a maxi-

---

[1] Thus, the provision in the parties' stipulated facts to the effect that the prosecutor would have objected had he known that defendant was requesting an instruction under § 7403(2)(b) is of little relevance to this matter. Since this offense is a necessarily lesser included offense to the charged offense and is punishable by imprisonment for two years, defendant was entitled to the instruction. *Beach, supra* at 463-465.

mum possible sentence of two years. Third, the statute itself is inherently ambiguous since it punishes the possession of cocaine under two separate, divergent subsections. Fourth, the Criminal Jury Instructions lend further confusion to the issue since Use Note 1 to CJI 12:3:01, which is the appropriate instruction to give under § 7403(2)(b), incorrectly states that that instruction is not to be given if the offense involves cocaine.[2] Finally, there exists no logical reason why a defendant charged with possession with intent to deliver 225 grams or more of cocaine would want a simple possession instruction under § 7403(2)(a) since the penalties are the same as for possession with intent to deliver, but that instruction would allow the jury to convict on less evidence, since the jury would not have to find the element of delivery.[3] With all of these factors in mind, we conclude that a manifest injustice would result if we failed to review this issue.

Next, we do not believe that the trial court's instruction adequately covered defendant's request. In defendant's motion for a new trial, defense counsel stated that he requested an instruction on simple possession with the belief that a

---

[2] Use Note 1 provides as follows:

> This instruction is to be used for any controlled substance found in Schedules 3, 4 or 5, or any Schedule 1 or 2 substances which are neither narcotic drugs nor cocaine-related substances as described in MCL 333.7214(a)(iv); MSA 14.15(7214)(a)(iv).

As discussed above, this use note is incorrect since it states that the instruction should not be given if the charge involves possession of cocaine, a Schedule 2 substance, and, as discussed above, subsection (2)(b) of the statute does cover possession of cocaine since it is a Schedule 2 substance.

[3] For that matter, this principle applies to any possession charge for cocaine or a narcotic drug in Schedules 1 and 2 in an amount of fifty grams or more, since the penalties for those offenses under § 7401(2) (a) for possession with intent to deliver are the same as for simple possession under § 7403(2)(a).

conviction for simple possession would carry a lesser penalty. Indeed, as we noted above, there exists no rational reason why a defendant charged with possession with intent to deliver would want an instruction on simple possession unless a simple possession conviction would carry a lesser penalty. As applied to defendant in the case at bar, only a simple possession conviction under § 7403(2)(b) would carry a lesser penalty. Thus, giving an instruction based on CJI 12:3:00 for a violation under § 7403(2)(a) actually placed defendant in a worse position than if no instruction on simple possession had been given at all since defendant was exposed to the same penalty, yet the jury could convict on less evidence, namely, not having to find that defendant had the intent to deliver. In fact, since the jury did convict defendant for simple possession, rather than possession with intent to deliver, it is apparent that the jury concluded that defendant had no such intent and may quite well have acquitted defendant entirely had no instruction on simple possession been given. Accordingly, we must conclude that defendant's request for an instruction on simple possession could be adequately granted only by instructing the jury under § 7403(2)(b) with an instruction based upon CJI 12:3:01.

As for the prosecutor's argument that any error was harmless since the jury clearly found that defendant possessed an amount of cocaine over 225 grams, that position is without merit. It is irrelevant what amount of cocaine defendant possessed. It matters not whether a person possesses a quarter gram of cocaine or a quarter ton of cocaine as § 7403(2)(b) would apply to either offense. Simply, subsection (2)(b) does not distinguish on the basis of weight and, therefore, the weight of the substance is irrelevant. At most, the jury's conclusion

that defendant possessed more than 225 grams of cocaine would support a conviction under either subsection (2)(a) or subsection (2)(b). Moreover, the instructional error is not harmless since the jury did convict on the lesser offense for which an instruction was given rather than the greater offense. See *Beach, supra* at 490-491.

Finally, there remains the issue of the appropriate remedy to be afforded defendant. The appropriate procedure for this case is to reverse the conviction and instruct the trial court to enter a conviction on the lesser offense and to resentence accordingly, with an option to the prosecutor to retry on the original charge on which defendant was convicted. See *Kamin, supra* at 498, 501.

Accordingly, we reverse defendant's conviction for possession of cocaine in an amount of 225 grams or more under MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) and remand the matter to the trial court with instructions to enter a conviction against defendant for possession of cocaine in violation of MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b) and to resentence defendant accordingly. However, the prosecutor has the option of retrying defendant for possession of cocaine in an amount of 225 grams or more under MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii) provided the prosecutor files a motion to do so prior to sentencing.[4] If retrial is sought, the trial court will, of course, have to instruct the jury on possession under both subsections 7403(2)(a) and (b). We note that there exists a great potential for confusion by the jury in distinguishing between the two offenses since the only difference between the two offenses is that the

[4] Our decision is, of course, without prejudice to defendant to raise in the trial court any issue related to the propriety of charging under § 7403(2)(a) with respect to cocaine and the inherent ambiguity in the statute.

weight of the substance is relevant under subsection (2)(a) and is irrelevant under subsection (2)(b). We leave it, however, for the trial court and the parties to fashion an appropriate instruction to address this potential problem.

In light of our disposition of the above issue, it is unnecessary to consider defendant's remaining issues.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

WEAVER, J., concurred in the result only.