PEOPLE v GRIDIRON (ON REHEARING)

Docket No. 115357. Submitted March 13, 1990, at Grand Rapids. Decided July 22, 1991, at 9:35 A.M. In lieu of granting leave to appeal the judgment of the Court of Appeals is amended, 439 Mich —.

Michail Gridiron was convicted by a jury in the Berrien Circuit Court, Ronald J. Taylor, J., of possession of 225 grams or more but less than 650 grams of cocaine, MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). The defendant originally had been charged with possession with intent to deliver the same amount of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii). He appealed, claiming that in response to his request for an instruction regarding simple possession, the jury should have been instructed under § 7403(2)(b) rather than § 7403(2)(a). The Court of Appeals reversed and remanded for entry of a conviction of and resentencing for possession under § 7403(2)(b). 185 Mich App 395 (1990). The prosecutor moved for rehearing.

On rehearing, the Court of Appeals held:

1. Pursuant to MCL 768.32(2); MSA 28.1055(2), a jury in a trial of a defendant originally charged under § 7401(2)(a)(i) or (ii) or § 7403(2)(a)(i) or (ii) of the Public Health Code can be instructed regarding lesser included offenses only where such offenses are major controlled substance offenses. Because the defendant in this case was originally charged with possession with intent to deliver cocaine under § 7401(2)(a)(ii) and an offense under § 7403(2)(b) is not a major controlled substance offense as defined by MCL 761.2; MSA 28.843(12), the Court of Appeals erred in its prior holding.

2. The defendant's trial counsel rendered ineffective assistance of counsel by requesting an instruction regarding simple possession. The defendant cannot be retried for possession with intent to deliver cocaine, having been acquitted of this offense, and he cannot be retried for simple possession, in light of MCL 768.32(2); MSA 28.1055(2). The only remedy possible is vacation of the conviction.

Conviction vacated.

WEAVER, J., dissenting, agreed that the Court of Appeals erred in its prior decision in this case, but disagreed with the

majority's decision to vacate the conviction on the ground of ineffective assistance of counsel, determining that trial counsel's request for instructions was a matter of trial strategy. She would affirm the conviction.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, *Dennis M. Wiley,* Prosecuting Attorney, and *Daniel M. Levy,* Assistant Prosecuting Attorney, for the people.

*Ernest L. White,* for the defendant.

ON REHEARING

Before: MARILYN KELLY, P.J., and SAWYER and WEAVER, JJ.

SAWYER, J. Defendant was convicted, following a jury trial, of possession of cocaine in an amount of 225 grams or more but less than 650 grams. MCL 333.7403(2)(a)(ii); MSA 14.15(7403)(2)(a)(ii). He was sentenced to serve a term of ten to thirty years in prison. Defendant appealed, and we reversed his conviction, agreeing that the trial court had erred in not instructing the jury with regard to simple possession under MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b). We ordered the trial court to enter a conviction on that lesser offense and to resentence defendant accordingly. *People v Gridiron,* 185 Mich App 395, 404; 460 NW2d 908 (1990). The prosecutor thereafter moved for rehearing, which we granted. We ordered the parties to brief the matter further.

On rehearing, the prosecutor argues that an instruction under MCL 333.7403(2)(b); MSA 14.15(7403)(2)(b) would be inappropriate in light of MCL 768.32(2); MSA 28.1055(2), which provides in pertinent part:

Upon an indictment for an offense specified in section 7401(2)(a)(i) or (ii) or section 7403(2)(a)(i) or (ii) of the public health code, Act No. 368 of the Public Acts of 1978, being sections 333.7401 and 333.7403 of the Michigan Compiled Laws, or conspiracy to commit 1 or more of these offenses, the jury, or judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment but may find the accused guilty of a degree of that offense inferior to that charged in the indictment only if the lesser included offense is a major controlled substance offense. *A jury shall not be instructed as to other lesser included offenses involving the same controlled substance nor* as to an attempt to commit either a major controlled substance offense or a lesser included offense involving the same controlled substance. The jury shall be instructed to return a verdict of not guilty of an offense involving the controlled substance at issue if it finds that the evidence does not establish the defendant's guilt as to the commission of a major controlled substance offense involving that controlled substance.

Because defendant was originally charged under § 7401(2)(a)(ii), the above statutory provision is applicable and the jury can only be instructed on lesser included offenses that are major controlled substance offenses. MCL 761.2; MSA 28.843(12) defines "major controlled substance offense" as being a violation of § 7401(2)(a), a violation of § 7403(2)(a)(i)-(iv), or a conspiracy to violate either of those statutes. Accordingly, the prosecutor is correct that the provisions of MCL 768.32(2); MSA 28.1055(2) prohibit instructing a jury under § 7403(2)(b) where the person is originally charged under § 7401(2)(a)(ii), as was the case here. Accordingly, our original decision holding that the trial

court erred in not giving that instruction was erroneous.[1]

There remains, however, the question of the appropriate remedy. The prosecutor urges us to now affirm defendant's conviction, while defendant argues that to do so would result in a miscarriage of justice. We agree with defendant that to merely affirm his conviction would be inappropriate. As we stated in our original opinion, there exists no logical reason why a defendant charged under § 7401(2)(a)(ii) would want a simple possession instruction under § 7403(2)(a)(ii) because the penalty for both violations is the same, while a conviction under § 7403 for simple possession requires proof of fewer elements than does a conviction under § 7401 for possession with intent to deliver:

> [T]here exists no logical reason why a defendant charged with possession with intent to deliver 225 grams or more of cocaine would want a simple possession instruction under § 7403(2)(a) since the penalties are the same as for possession with intent to deliver, but that instruction would allow the jury to convict on less evidence, since the jury would not have to find the element of delivery.
>
> *     *     *
>
> [A]s we noted above, there exists no rational reason why a defendant charged with possession with intent to deliver would want an instruction on simple possession unless a simple possession conviction would carry a lesser penalty. [*Gridiron, supra* at 402-403.]

Because the jury acquitted the defendant on the charge of possession with intent to deliver, if no instruction regarding a lesser included offense had

[1] We note that we did not consider the effect of MCL 768.32(2); MSA 28.1055(2) in our original opinion because we were unaware of the provisions of that statute, as was apparently the prosecutor, because the prosecutor did not raise that statute in his initial brief on appeal.

been requested, then, presumably, defendant would have been acquitted entirely. Furthermore, no advantage would have been obtained by receiving an instruction regarding simple possession, because it carried the same penalty as possession with intent to deliver. Accordingly, we conclude that defendant was denied the effective assistance of counsel. That is, by requesting and receiving an instruction regarding simple possession, defense counsel made an error so serious that counsel was not functioning as an attorney guaranteed under the Sixth Amendment. That action cannot conceivably be considered sound trial strategy, and the deficiency was certainly prejudicial to defendant. *People v Tommolino*, 187 Mich App 14, 17; 466 NW2d 315 (1991). Normally, the remedy for ineffective assistance of counsel is a new trial. However, in the case at bar, that remedy would be inappropriate.

Defendant cannot be retried on the charge of possession with intent to deliver inasmuch as he has been acquitted of that offense. See *People v Phil Clark*, 172 Mich App 1, 4; 432 NW2d 173 (1988) (where a defendant is convicted of a lesser included charge, on retrial he cannot be retried on the greater offense). Furthermore, remanding for retrial on a charge of simple possession would likewise be inappropriate inasmuch as it was the instruction regarding that offense in the first place that gives rise to the finding of ineffective assistance of counsel. Rather, we conclude that the only possible remedy to fashion in the case at bar is to vacate defendant's conviction entirely and prohibit retrial.

Defendant's conviction is vacated and defendant is ordered discharged from custody.

MARILYN KELLY, P.J., concurred.

WEAVER, J. *(dissenting)*. I agree that this Court erred in its prior opinion in this case. However, I disagree with the majority's decision to vacate defendant's conviction on the ground of ineffective assistance of counsel. This issue was never raised by defendant either in the trial court or in his appellate brief. Even if it had been properly raised and preserved, I would find no ineffective assistance of counsel.

To me, trial counsel's request for the two jury instructions was trial strategy, not ineffective assistance of counsel or a mistake. Contrary to the majority's opinion, it is a strategy that very well may have worked. It is just as possible that it prevented defendant from being convicted of a greater charge as that it caused him to be convicted of any charge at all.

The fact that the two crimes carry the same penalty is not the only factor in deciding whether it was to defendant's advantage not to be convicted of the greater charge. The greater charge was a delivery charge, while defendant was convicted of possession. The nature of the charge upon which the conviction rested would certainly be a factor in sentencing; it would be considered in determining whether defendant would be eligible for probation, and if so for how long.

I do not believe there was ineffective assistance of counsel, and I would affirm defendant's conviction.