*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOSHUA DAVID GOETTEMAN,

        Defendant-Appellant.

UNPUBLISHED
May 12, 2022

No. 357075
Dickinson Circuit Court
LC No. 19-005790-FC

Before: GLEICHER, C.J., and RONAYNE KRAUSE and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his bench-trial conviction of possession of methamphetamine, MCL 333.7403(2)(b)(*i*). The trial court sentenced him as a fourth-offense habitual offender, MCL 769.12, to a prison term of 4 to 20 years. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On November 13, 2019, defendant was taken into custody by corrections officers at the Dickinson County Correctional Facility. During a strip search, officers found two plastic bags in the right pocket of defendant's shorts, which were worn underneath a pair of pants. Defendant denied that the bags were his, stating that he was wearing someone else's shorts. The contents of the larger bag weighed 17.8857 grams and the smaller bag weighed an estimated 1.2 grams.[1] The

---

[1] The laboratory manager of the Marquette Forensic Laboratory of the Michigan Department of State Police testified that the contents of the larger bag weighed 17.8857 grams, and that he did not weigh the smaller bag per local lab policy. Detective-Lieutenant Derek Dixon of the Dickinson County Sheriff's Office testified that the two bags, including the packaging, weighed a total of 21 grams; the larger bag weighed 20 grams, and the smaller bag weighed 1.2 grams.

substance in both bags field-tested positive for methamphetamine; the substance in the larger bag was later confirmed to be methamphetamine by laboratory testing.[2]

Before trial, defense counsel moved to disqualify the trial court judge, arguing that the judge had personal knowledge of disputed facts because he had presided over defendant's November 13, 2019 sentencing hearing on a failure-to-appear charge. Defense counsel withdrew the motion before trial, at defendant's request.

Defendant was charged with possession of methamphetamine with intent to deliver (possession with intent), MCL 333.7401(2)(b)(*i*), and prisoner in possession of contraband, MCL 801.263(2). The prosecution dropped the prisoner in possession of contraband charge at the start of the bench trial. At the close of the prosecution's proofs, defendant moved for a directed verdict on the remaining charge of possession with intent. The trial court denied the motion. During closing arguments of the bench trial, defense counsel requested that the court consider the lesser-included offense of possession of methamphetamine. The trial court found defendant guilty of possession of methamphetamine (simple possession) and not guilty of possession with intent.

This appeal followed.

## II. MOTION FOR DIRECTED VERDICT

Defendant argues that the trial court erred by denying defendant's motion for a directed verdict on the charge of possession of methamphetamine with intent. We disagree.

Because defendant was acquitted of the charge of possession of methamphetamine with intent, whether the trial court erred by denying defendant's motion for directed verdict on that charge is arguably a moot issue. See *People v Coddington*, 188 Mich App 584, 601; 470 NW2d 478 (1991) (holding that the defendant's challenge to the trial court's denial of his directed-verdict motion was moot after defendant was acquitted of the charge for which he sought a directed verdict). However, at the time of the directed verdict motion, the charge of possession with intent was the only charge against defendant, and the prosecution had not sought to amend the information to add a charge of simple possession. Because simple possession is not a lesser *degree* of the charged offense, the factfinder was not permitted by statute to acquit defendant of the offense charged in the information but find him guilty of simple possession as a lesser degree of that offense. See MCL 768.32(1). Therefore, although the trial court was required to give an instruction on (or, as the fact-finder, to consider) simple possession if requested by either party, see *People v Torres*, 222 Mich App 411, 416; 564 NW2d 149 (1997), no such request had been made as of the time of defendant's directed-verdict motion. It is therefore at least possible that had the trial court granted defendant's motion, defendant would have had no charges remaining against him, and the proceedings would have ended at that point. We will therefore consider the

---

[2] The smaller bag was not tested by the forensic laboratory. Defendant did not challenge the results of the field test or otherwise argue that the substance in the smaller bag was not methamphetamine, nor does he pursue such an argument on appeal.

merits of defendant's argument, rather than rest our denial on the assumption that defendant would have nonetheless been charged with and convicted of simple possession.

We review de novo a trial court's decision on a motion for a directed verdict to determine whether, viewed in the light most favorable to the prosecution, the evidence could enable a rational trier of fact to determine that the essential elements of the crime were proven beyond a reasonable doubt. *People v Martin*, 271 Mich App 280, 319; 721 NW2d 815 (2006). When considering a motion for directed verdict, the trial court may consider only the evidence presented up to the time of the motion. *People v Lemmon*, 456 Mich 625, 634; 576 NW2d 129 (1998).

To prove possession of methamphetamine with intent, the prosecution must establish that: (1) the defendant possessed a controlled substance, (2) the defendant knowingly possessed the controlled substance, (3) the defendant intended to deliver the controlled substance, and (4) the controlled substance weighed a specified amount. *People v Robar*, 321 Mich App 106, 131; 910 NW2d 328 (2017). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Smith*, ___ Mich App ___, ___; ___ NW2d ___ (2021) (Docket No. 349900), slip op at 3 (quotation marks and citation omitted). Minimal circumstantial evidence may satisfy the knowledge element of a crime. *Id*. at 6. Further, "[i]ntent to deliver may be inferred from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." *Robar*, 321 Mich App at 126 (quotation marks and citation omitted).

A rational trier of fact could have found that these elements were proven beyond a reasonable doubt. An officer testified that, during a strip search, he found two bags containing a substance in the right pocket of defendant's shorts. The substances in each bag were identified as methamphetamine. Testimony established that the two bags weighed a total of 21 grams and that the contents of the larger bag weighed 17.8857 grams. Detective Dixon further testified, as an expert witness, that a typical user of methamphetamine does not purchase more than one gram at a time for personal use, that a typical user "can get high seven to ten times off a quarter-gram," that one gram of methamphetamine was "a lot of uses," and that the amount possessed by defendant had a "street value" of at least $2,500 dollars. He further testified that if a smaller package and a larger package of a suspected controlled substance are found on the same person, the smaller package is typically for personal use, and the larger package will likely be sold later. This evidence, viewed in the light most favorable to the prosecution, could have enabled a rational fact-finder to determine that defendant had possessed methamphetamine with the intent to deliver. See *Smith*, __ Mich App at ___, slip op at 6 (noting that minimal circumstantial evidence may be sufficient to prove a defendant's intent); see also *Robar*, 321 Mich App at 126 ("Intent to deliver may be inferred from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest.").

Further, although Detective Dixon testified that he did not personally believe that defendant was intending to deliver methamphetamine at the time he was arrested, a witness may not invade the province of the jury by expressing an opinion on the defendant's guilt or innocence. See *People v Fomby*, 300 Mich App 46, 53; 831 NW2d 887 (2013). The trial court therefore did not err by denying defendant's motion notwithstanding Detective Dixon's statement.

III. SUFFICIENCY OF THE EVIDENCE

Next, defendant argues that there was insufficient evidence for the trial court to find him guilty of simple possession. We disagree.

We review de novo challenge to the sufficiency of the evidence, viewing the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Smith*, ___ Mich App at ___, slip op at 2-3 (quotation marks and citation omitted).

To convict a defendant of simple possession of methamphetamine, the prosecution must present evidence that the defendant knowingly or intentionally possessed methamphetamine. *People v Baham*, 321 Mich App 228, 247; 909 NW2d 836 (2017). Possession "requires a showing of dominion or right of control over the drug with knowledge of its presence and character." *Id*. (quotation marks and citation omitted). These elements may be proven by circumstantial evidence and reasonable inferences arising from the evidence. *Smith*, ___ Mich App at ___; slip op at 3.

Viewing the evidence in the light most favorable to the prosecution and drawing all reasonable inferences from the facts presented at trial, the evidence was sufficient for a rational trier of fact to conclude that defendant knew that two bags containing methamphetamine were in his pocket, knew of their character, and had the right to control them. Although defendant claimed that he had borrowed the shorts and denied knowing that methamphetamine was present in the pocket, the factfinder was free to find that defendant was not credible. *Smith*, ___ Mich App at ___; slip op at 6. Further, a rational trier of fact could infer that defendant knew that two bags of methamphetamine were in his pocket because he had been wearing the shorts for several days and had concealed the shorts underneath his pants. The evidence was sufficient for a rational trier of fact to conclude beyond a reasonable doubt that defendant knowingly possessed methamphetamine. *Id*. at 2-3.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant also argues that his trial counsel provided ineffective assistance in several respects. We disagree.

Because defendant did not move for a new trial or an evidentiary hearing, our review is limited to mistakes apparent on the record. *People v Heft*, 299 Mich App 69, 80; 829 NW2d 266 (2012); *People v Head*, 323 Mich App 526, 538-539; 917 NW2d 752 (2018). "Whether a defendant was deprived of the effective assistance of counsel presents a mixed question of fact and constitutional law. Any findings of fact are reviewed for clear error, while the legal questions are reviewed de novo." *Id*. at 539 (citation omitted).

Every criminal defendant has a right to counsel under the Sixth Amendment of the United States Constitution to protect the fundamental right to a fair trial. US Const, Am VI; Const 1963, art 1, § 17; *Strickland v Washington*, 466 US 668, 684-685; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant's right to counsel includes a right to the effective assistance of counsel. *Strickland*, 466 US at 686. Trial counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. A defendant has a heavy burden of overcoming the presumption of effective assistance of counsel. *Id*. To prevail on an ineffective assistance of counsel claim, a defendant must show

"(1) that trial counsel's performance was objectively deficient, and (2) that the deficiencies prejudiced the defendant." *People v Randolph*, 502 Mich 1, 9; 917 NW2d 249 (2018), citing *Strickland*, 466 US at 688.

"Counsel's performance is strongly presumed to have been born from a sound trial strategy." *People v White*, 331 Mich App 144, 149; 951 NW2d 106 (2020) (quotation marks and citation omitted). Trial counsel, however, has a duty to make reasonable investigations or a reasonable decision that makes a particular investigation unnecessary. *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). A reviewing court must determine whether strategic decisions were made by trial counsel after a complete investigation. *Id.* "If counsel's strategy is reasonable, then his or her performance was not deficient." *Randolph*, 502 Mich at 12. A deficiency prejudices the defendant when there is a reasonable probability that, but for counsel's unprofessional errors, the outcome of the proceeding would have been different. *Id.* at 9.

## 1.  FAILURE TO RENEW MOTION FOR DIRECTED VERDICT

Trial counsel's failure to renew the motion for directed verdict did not amount to ineffective assistance of counsel. As stated, the trial court did not err by denying defendant's directed-verdict motion. Defendant's proofs did not render the prosecution's evidence so deficient that no rational factfinder could have found that the elements of the offense charged were proven beyond a reasonable doubt. *Smith*, ___ Mich App at ___; slip op at 3. The minimal evidence that was presented thereafter would not have supported a renewed motion. Had trial counsel attempted to renew defendant's motion for a directed verdict, that attempt would have been futile. Trial counsel's failure to make futile motion does not constitute ineffective assistance of counsel. *Head*, 323 Mich App at 539.

## 2.  LESSER INCLUDED OFFENSE INSTRUCTION

Defendant also argues that his counsel was ineffective in requesting trial court to consider the lesser-included offense of simple possession, rather than pursuing an "all or nothing" strategy. We disagree.

Trial counsel's decision to seek an instruction on a lesser offense that carries a lesser penalty generally amounts to reasonable trial strategy. See *People v Gridiron*, 190 Mich App 366, 369-370; 475 NW2d 879 (1991). Possession with intent to deliver is a felony punishable by imprisonment for not more than 20 years, a fine of not more than $25,000, or both, MCL 333.7401(2)(b)(*i*). Simple possession is a felony punishable by imprisonment for not more than 10 years, a fine of not more than $15,000, or both, MCL 333.7403(2)(b)(*i*). Both offenses are major controlled-substance offenses subject to doubling under the habitual offender statute, MCL 769.12(1)(d); MCL 333.7413, to 20 and 40 years, respectively. Trial counsel's decision to seek an instruction that carried a significantly lesser penalty was a matter of sound trial strategy. We will not second-guess that strategy in hindsight merely because defendant was acquitted of the greater charge. See *People v Rockey*, 237 Mich App 74, 76-77; 601 NW2d 887 (1999).

Further, even if trial counsel's decision was objectively deficient, there is no evidence that defendant was prejudiced by trial counsel's request that the trial court consider the lesser-included offense of possession. Mere speculation regarding a different outcome does not create a reasonable

probability that the outcome of a proceeding would have been different but for trial counsel's error. See *Randolph*, 502 Mich at 9.

### 3. ABANDONED ARGUMENTS

Defendant also makes the cursory arguments that his trial counsel should have requested consideration of attempted unlawful use of methamphetamine as a lesser offense and that trial counsel should not have withdrawn the motion for disqualification of the trial court judge. We conclude that defendant has abandoned these arguments.

Parties to an appeal may not issues "merely announce [their] position and leave it to this Court to discover and rationalize the basis for [their] claims . . . ." *People v Matuszak*, 263 Mich App 42, 59; 687 NW2d 342 (2004) (quotation marks and citation omitted). In this case, defendant provides no authority or analysis to support his assertions that defense counsel should have argued for consideration of the lesser offense of attempted unlawful use and that trial counsel should not have withdrawn the motion to disqualify the trial court judge. Instead, defendant only asserts that defense counsel's failure to request an attempt instruction "could have been significantly important" to defendant and that "there was a sound basis for seeking a disqualification." We conclude that defendant has abandoned these claims by leaving it to this Court to discover and rationalize their basis.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause
/s/ Mark T. Boonstra