## PEOPLE v LEWIS

Docket No. 105760. Submitted April 12, 1989, at Detroit. Decided July
    17, 1989.

Henry Clay Lewis was convicted of delivery of less than fifty
    grams of a mixture containing cocaine, possession with intent
    to deliver less than fifty grams of a mixture containing cocaine
    and possession of a firearm during the commission of a felony,
    Recorder's Court of Detroit, Sharon Tevis Finch, J. Defendant
    appealed the convictions of possession with intent to deliver
    and felony-firearm.

The Court of Appeals *held:*

1. In reviewing the sufficiency of the evidence in an appeal
from a bench trial, the reviewing court must determine
whether, when viewing the evidence in a light most favorable
to the prosecution, a rational trier of fact could find the
essential elements of the crime proven beyond a reasonable
doubt; the trier of fact may draw reasonable inferences from
facts of record, but may not indulge in inferences completely
unsupported by any evidence, either direct or circumstantial.

2. The crime of possession with intent to deliver less than
fifty grams of a mixture containing cocaine requires proof of
four elements: (1) the substance in question must be shown to
be cocaine; (2) the cocaine must be in a mixture of less than
fifty grams weight; (3) it must be shown that defendant was not
authorized to possess the substance; and (4) it must be shown
that defendant knowingly possessed the cocaine with intent to
deliver. Under the circumstances there was insufficient evi-
dence that defendant possessed the cocaine.

3. Since the felony-firearm conviction rested on the possession
felony, that conviction must also be reversed.

Reversed.

REFERENCES

Am Jur 2d, Appeal and Error § 671; Drugs, Narcotics, and Poisons
    § 47.

Validity and Construction of statute creating presumption or infer-
    ence of intent to sell from possession of specified quantity of
    illegal drugs. 60 ALR3d 1128.

1. CRIMINAL LAW — EVIDENCE — SUFFICIENCY OF EVIDENCE — BENCH
     TRIALS — APPEAL.

    In reviewing the sufficiency of the evidence in an appeal from a
     bench trial, a reviewing court must determine whether, when
     viewing the evidence in a light most favorable to the prosecu-
     tion, a rational trier of fact could find the essential elements of
     the crime proven beyond a reasonable doubt; the trier of fact
     may draw reasonable inferences from facts of record but may
     not indulge in inferences completely unsupported by any evi-
     dence, either direct or circumstantial.

2. CONTROLLED SUBSTANCES — POSSESSION WITH INTENT TO DELIVER.

    The crime of possession with intent to deliver less than fifty
     grams of a mixture containing cocaine requires proof of four
     elements: (1) the substance in question must be shown to be
     cocaine; (2) the cocaine must be in a mixture of less than fifty
     grams weight; (3) it must be shown that defendant was not
     authorized to possess the substance; and (4) it must be shown
     that defendant knowingly possessed the cocaine with intent to
     deliver.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prose-cuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, and *Larry L. Roberts,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *James Krogsrud*), for defendant on appeal.

Before: MacKENZIE, P.J., and HOOD and BRENNAN, JJ.

BRENNAN, J. Following a bench trial, defendant was convicted of one count of delivery of less than fifty grams of cocaine, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), one count of possession of less than fifty grams of cocaine with intent to deliver, MCL 333.7401(1) and (2)(a)(iv); MSA 14.15(7401)(1) and (2)(a)(iv), and one count of possession of a firearm during the commission of a felony (the possession of cocaine),

MCL 750.227b; MSA 28.424(2). Defendant was sentenced to concurrent prison terms of eighteen months to twenty years for the delivery and the possession with intent to deliver convictions, and to the mandatory two-year prison term for the felony-firearm conviction. Defendant appeals only the possession and felony-firearm convictions. We reverse.

The facts of this case are as follows:

In the early evening on August 19, 1986, Fred Watkins, a Detroit Police Officer acting as part of an undercover narcotics team, went to a house on Monica Street in the City of Detroit to purchase cocaine. When he arrived at the home, Watkins observed three men, including defendant, seated on the front porch. Watkins approached the men and asked for "Hank." None of the men responded; however, defendant stood up and walked down off of the porch towards the rear of the house. Watkins followed.

When they reached the rear of the house, defendant told Watkins that, in the future, Watkins was to just walk to the rear of the house and someone would help him. Defendant told Watkins to remain in the backyard. Defendant walked toward the front of the house. Watkins then observed defendant inside the house opening the back door. A metal grate covered the door. Defendant opened the grate with a key he had around his neck.

Defendant asked Watkins what he wanted. Watkins responded that he wanted "two twenty," meaning two $20 rocks of cocaine. Watkins gave defendant $40 in marked bills. Defendant reentered the house through the back door. He returned with two heat-sealed plastic packets containing rock cocaine. Watkins took the cocaine and left the house to rejoin the other members of the

narcotics team positioned approximately one-half mile away.

After a short briefing, the narcotics team went back to the house and raided it. Watkins observed defendant and two other men standing on the sidewalk outside of the house. Another man was standing inside the doorway of the house. Defendant and the other two men were placed under arrest. Watkins and other officers then entered the house and apprehended the man seen standing in the doorway. Defendant was later taken inside the house and searched. Defendant had a pistol tucked in the waistband of his pants. The key defendant used to open the grate was removed from around his neck.

The officers found two plastic packets containing cocaine and $57 on the dining room table, and the $40 Watkins gave defendant. The $40 was not recovered from defendant.

The delivery conviction arose out of the sale to Officer Watkins. Defendant was convicted of possession with intent to deliver the cocaine seized inside the house during the raid. As noted earlier, the felony-firearm conviction is based upon the possession conviction.

Defendant argues that his conviction for possession of cocaine with intent to deliver must be reversed because the prosecution failed to present sufficient evidence that he possessed the cocaine found inside the house. We agree.

In reviewing the sufficiency of the evidence in an appeal from a bench trial, this Court must determine whether, when viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime proven beyond a reasonable doubt. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). The trier of fact may draw

reasonable inferences from facts of record; however, it may not indulge in inferences completely unsupported by any evidence, either direct or circumstantial. *Id.* at 275.

The crime of possession with intent to deliver less than fifty grams of a mixture containing cocaine requires proof of four elements: (1) the substance in question must be shown to be cocaine; (2) the cocaine must be in a mixture of less than fifty grams weight; (3) it must be shown that defendant was not authorized to possess the substance; and (4) it must be shown that defendant knowingly possessed the cocaine with intent to deliver. *People v Acosta,* 153 Mich App 504, 511-512; 396 NW2d 463 (1986), lv den 428 Mich 865 (1987); CJI 12:2:00. Defendant challenges only the sufficiency of the evidence regarding the fourth element.

Based upon the evidence presented at trial, viewed in the light most favorable to the prosecution, we do not believe that a rational trier of fact could have found that the element of possession was proved beyond a reasonable doubt. There is no direct evidence connecting defendant to the cocaine found inside the house. Defendant was in police custody outside of the house when the officers seized the cocaine. Defendant's fingerprints were not on the bags. Also lacking is direct testimony that the cocaine in fact belonged to defendant.

Furthermore, the circumstantial evidence relied on by the prosecution is insufficient to support the conviction. The prosecution points to the following: (1) defendant told Officer Watkins that the next time he came to the house to buy cocaine, he should just walk to the rear of the house and someone would take care of him; (2) defendant

possessed and used a key to open the metal grate on the back entrance to the house; and (3) defendant sold two packets of cocaine to Watkins approximately five to ten minutes before the raid. The prosecution argues that, based upon this evidence, a rational trier of fact could find beyond a reasonable doubt that defendant possessed the cocaine found inside the house with intent to deliver it. We disagree. The most that we believe can be said about this evidence is that it shows that defendant had access to the inside of the house from which he and possibly others sold cocaine.

The evidence shows that defendant was not the only person who had access to the inside of the house. A defense witness testified that defendant did not live there. Defendant was arrested outside the house, a different man was arrested inside. Anyone could have been inside the house during the short time that transpired between the sale to Watkins and the raid and placed the cocaine on the dining room table.

We conclude that the evidence was not sufficient for a rational trier of fact to find defendant guilty of possession with intent to deliver the cocaine found inside the house. Therefore, we reverse defendant's conviction of possession with intent to deliver less than fifty grams of cocaine. Because we find that the evidence does not support that conviction, we must also reverse the felony-firearm conviction.

Reversed.