# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

JASON CHARLES ROBAR,

Defendant-Appellee.

FOR PUBLICATION
August 24, 2017
9:00 a.m.

No. 335377
Muskegon Circuit Court
LC No. 16-002635-FH

Before: GADOLA, P.J., TALBOT, C.J., and GLEICHER, J.

GADOLA, P.J.

This case involves the offense of possession with intent to deliver a controlled substance, as set forth by MCL 333.7401 of the controlled substances act (CSA), MCL 333.7101 *et seq.*, Article 7 of the Public Health Code, MCL 333.1101 *et seq.* The prosecution appeals by leave granted[1] an order of the trial court containing three rulings. First, the trial court ruled that, under *People v Wolfe*, 440 Mich 508; 489 NW2d 748, amended 441 Mich 1201 (1992), defendant was entitled to the use of a former version of the applicable model jury instruction, M Crim JI 12.3, rather than the current version, which was amended effective August 2016. Next, the trial court ruled that, under *People v Gridiron*, 185 Mich App 395; 460 NW2d 908 (1990) (*Gridiron I*),[2] the offense of possession of a controlled substance (simple possession), MCL 333.7403, is a necessarily included lesser offense of the offense of possession with intent to deliver a controlled substance. The trial court also determined that defendant would be entitled to a directed verdict if he produced evidence of a valid prescription because having such a prescription is a defense to prosecution for simple possession under MCL 333.7403(1). Finally, the trial court ruled that, under *People v Pegenau*, 447 Mich 278; 523 NW2d 325 (1994), defendant bore the burden to produce some competent evidence of his authority to possess the controlled substances, after which the burden of persuasion shifted to the prosecution to prove that defendant lacked such

---

[1] *People v Robar*, unpublished order of the Court of Appeals, entered January 27, 2017 (Docket No. 335377).

[2] Vacated by *People v Gridiron (On Rehearing)*, 190 Mich App 366 (1991) (*Gridiron II*), amended with regard to remedy by *People v Gridiron*, 439 Mich 880 (1991) (*Gridiron III*).

authority beyond a reasonable doubt. We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

Defendant is charged with one count of possession with intent to deliver less than 50 grams of a mixture containing Acetaminophen/Hydrocodone, MCL 333.7401(2)(a)(*iv*), and one count of possession with intent to deliver Methylin, MCL 333.7401(2)(b)(*ii*). At the preliminary examination, the parties stipulated to the facts that defendant possessed the controlled substances at issue and that he admitted to the police that he intended to sell the substances. Defense counsel indicated that defendant had a valid prescription for both substances, and the prosecution conceded that defendant "has a prescription."[3]

Defendant moved to dismiss the charges at the preliminary examination, arguing that simple possession is a necessarily included lesser offense of possession with intent to deliver a controlled substance under *Gridiron I*, and that having a valid prescription exempts a defendant from prosecution for simple possession under MCL 333.7403(1). The prosecution argued that *Gridiron I* was no longer binding, that a more recent case, *People v Lucas*, 188 Mich App 554; 470 NW2d 460 (1991), held that simple possession was merely a cognate lesser offense of possession with intent to deliver a controlled substance, and that having a valid prescription was not a defense to prosecution for possession with intent to deliver a controlled substance under MCL 333.7401(1). Following a hearing, the district court agreed with the prosecution and bound defendant over to the circuit court.

Defendant subsequently moved in the circuit court to modify the applicable model jury instruction, M Crim JI 12.3, arguing that the jury instruction mischaracterized the law because it required a defendant to produce evidence that he or she was authorized *to deliver* a controlled substance to avoid prosecution under MCL 333.7401, while *Wolfe* required the prosecution to prove that a defendant lacked authority *to possess* a controlled substance as an element of the crime of possession with intent to deliver a controlled substance. The prosecution responded that the former version of M Crim JI 12.3 included the element that "the defendant was not legally authorized to *possess* the controlled substance," but the instruction was amended in August 2016 to replace the word "possess" with "deliver," which, the prosecution argued, accurately reflected the law as set forth by MCL 333.7401. The prosecution agreed that having a valid prescription exempts a defendant from prosecution for simple possession under the plain language of MCL 333.7403(1), but argued that the plain language of MCL 333.7401(1) provides no such exemption. Additionally, citing Justice BOYLE's concurring opinion in *Pegenau*, the prosecution contended that defendant bore the burden of both production and persuasion under MCL 333.7531(1) to prove that he was authorized to possess and deliver the controlled substances.

The trial court concluded that it was bound by the *Wolfe* Court's formulation of the elements of the offense of possession with intent to deliver a controlled substance. One of the

---

[3] The prosecution later filed briefs in the trial court and before this Court asserting that it does not concede that defendant has a valid prescription for the substances.

elements set forth by *Wolfe* requires the prosecution to show that a defendant was not authorized *to possess* the controlled substance. The trial court therefore agreed to use the former, rather than the amended, version of M Crim JI 12.3. The trial court also concluded that simple possession is a necessarily included lesser offense of possession with intent to deliver a controlled substance under *Gridiron I*. Therefore, defendant would be entitled to a directed verdict under the possession with intent to deliver a controlled substance statute if he could adequately establish the existence of a valid prescription because having a valid prescription is a defense to prosecution for simple possession. Finally, the trial court rejected the prosecution's position that MCL 333.7531(1) placed both the burden of production and persuasion on a defendant to prove authorization, concluding that under *Pegenau*, a defendant need only produce some competent evidence of authorization before the burden of persuasion shifts back the prosecution to prove lack of authorization beyond a reasonable doubt.

## II. JURY INSTRUCTIONS

The prosecution contends that the trial court erred by ruling that defendant was entitled to the use of the former version of M Crim JI 12.3 because the current version accurately states the law. We review de novo claims of instructional error involving legal questions and issues of statutory interpretation. *People v Bush*, 315 Mich App 237, 243; 890 NW2d 370 (2016).

A criminal defendant is entitled to have a properly instructed jury consider the evidence against him or her. *People v Dobek*, 274 Mich App 58, 82; 732 NW2d 546 (2007). Jury instructions must set forth all of the elements of any charged offense and must include any material issues, theories, or defenses supported by the evidence. *Bush*, 315 Mich App at 243. Model jury instructions do not have the force or effect of a court rule, but pertinent portions of such instructions "must be given in each action in which jury instructions are given if (a) they are applicable, (b) they accurately state the applicable law, and (c) they are requested by a party." MCR 2.512(D)(1) and (2).

The model jury instruction for possession with intent to deliver a controlled substance is M Crim JI 12.3, which states, in pertinent part, the following:

> (1) The defendant is charged with the crime of illegally possessing with intent to deliver [*state weight*] of a [mixture containing a] controlled substance. To prove this charge, the prosecutor must prove each of the following elements beyond a reasonable doubt:

> (2) First, that the defendant possessed [*identify controlled substance*].

> (3) Second, that the defendant knew that [he / she] possessed a controlled substance.

> (4) Third, that the defendant intended to deliver the controlled substance to someone else.

> (5) Fourth, that the controlled substance that the defendant intended to deliver [was in a mixture that] weighed (*state weight*).

[(6) Fifth, that the defendant was not legally authorized *to deliver* the controlled substance.]³

---

³ This paragraph should be given only when the defense has presented some competent evidence beyond a mere assertion that the defendant was authorized *to deliver* the substance. If the defense presents such evidence, the prosecution must prove lack of authorization beyond a reasonable doubt. *People v Pegenau*, 447 Mich 278, 523 NW2d 325 (1994). [Fourth and fifth emphasis added; first and second footnotes omitted; brackets in original.]

Before the August 2016 amendment to M Crim JI 12.3, paragraph (6) stated the following:

[(6) Fifth, that the defendant was not legally authorized *to possess* this substance.]⁴

---

⁴ This paragraph should be given only when the defense has presented some competent evidence beyond a mere assertion that the defendant was authorized *to possess* the substance. If the defense presents such evidence, the prosecution must prove lack of authorization beyond a reasonable doubt. *People v Pegenau*, 447 Mich 278, 523 NW2d 325 (1994). [Emphasis added; brackets in original.]

The Committee on Model Criminal Jury Instructions explained that it amended M Crim JI 12.3 to "correct the final element" of the instruction. The question before us is whether this amendment accurately reflects Michigan law.

MCL 333.7401 sets forth the offense of possession with intent to deliver a controlled substance and provides, in pertinent part, the following:

(1) Except as authorized by this article, a person shall not manufacture, create, deliver, or possess with intent to manufacture, create, or deliver a controlled substance, a prescription form, or a counterfeit prescription form.

In *Wolfe*, 440 Mich at 516-517, our Supreme Court set forth the following elements for the offense of possession with intent to deliver cocaine: "(1) that the recovered substance is cocaine, (2) that the cocaine is in a mixture weighing less than fifty grams, (3) that defendant was not authorized to possess the substance, and (4) that defendant knowingly possessed the cocaine with the intent to deliver."⁴ We are bound to follow decisions of the Supreme Court unless those

---

⁴ *Wolfe* has been cited in multiple opinions for these elements of possession with intent to deliver a controlled substance, including the element "that defendant was not authorized to possess the substance . . . ." See, e.g., *People v McGhee*, 268 Mich App 600, 604, 622; 709 NW2d 595 (2005) (analyzing a challenge to the possession element only and involving the controlled substances cocaine, heroin, and marijuana).

decisions have clearly been overruled or superseded. *People v Beasley*, 239 Mich App 548, 556; 609 NW2d 581 (2000). The principle of stare decisis requires courts

> to reach the same result as in one case when the same or substantially similar issues are presented in another case with different parties. Stare decisis does not arise from a point addressed in obiter dictum. However, an issue that is intentionally addressed and decided is not dictum if the issue is germane to the controversy in the case, even if the issue was not necessarily decisive of the controversy in the case. This Court is bound by stare decisis to follow the decisions of our Supreme Court. [*Griswold Props, LLC v Lexington Ins Co*, 276 Mich App 551, 563; 741 NW2d 549 (2007) (citations omitted).]

*Wolfe* has not been overruled and the language of MCL 333.7401(1) has not changed since the Supreme Court issued the opinion in 1992. However, we conclude that the formulation of the elements set forth by *Wolfe* is not alone dispositive because (1) *Wolfe* is factually distinguishable from the instant case and did not address the issue presented here, (2) our Supreme Court has also recited the elements of possession with intent to deliver a controlled substance in a way that does not include as an element that a "defendant was not authorized to possess the substance," and (3) the plain language of MCL 333.7401(1) does not support that possessing a valid prescription is relevant to whether a defendant committed the offense of possession with intent to deliver a controlled substance.

In *Wolfe*, 440 Mich at 511, our Supreme Court analyzed whether sufficient evidence supported a defendant's conviction for possession with intent to deliver cocaine. After articulating the elements of the offense, the *Wolfe* Court explained that the defendant "challenged the sufficiency of the evidence only with respect to the fourth element—that he knowingly possessed cocaine with intent to deliver." *Id.* at 516-517. The Court did not analyze the other articulated elements and did not address the issues we are faced with today, those being whether a prescription authorizing a defendant *to possess* a controlled substance exempts a defendant from prosecution for the offense of possession with intent to deliver a controlled substance, or whether a defendant must instead show authorization *to deliver* the substance to avoid prosecution. We conclude that we are not bound by the rule of stare decisis to accept the formulation of the elements set forth in *Wolfe* because the case did not involve "the same or substantially similar issues" as those presented here. *Griswold Props*, 276 Mich App at 563.

Moreover, the *Wolfe* Court did not construe MCL 333.7401 or otherwise analyze how it determined that the earlier mentioned four elements were the elements of the offense. *Id.* at 516-517. The *Wolfe* Court cited *People v Lewis*, 178 Mich App 464, 468; 444 NW2d 194 (1989), for the elements of the offense, and the *Lewis* Court merely adopted the elements of the offense articulated in *People v Acosta*, 153 Mich App 504, 511-512; 396 NW2d 463 (1986). Both *Acosta* and *Lewis* involved cocaine and cited the same jury instruction, CJI 12:2:00, to include as an element of the offense "that the defendant was not authorized by law *to possess* the substance." *Acosta*, 153 Mich App at 511 (emphasis added). Accordingly, the elements of possession with intent to deliver a controlled substance as articulated in *Wolfe* were not derived from statutory analysis. Additionally, *Wolfe* and the line of cases that provided authority for the *Wolfe* Court's formulation of the elements all involved cocaine rather than a controlled substance that could be obtained by a valid prescription, as is the case here.

Next, the formulation of the elements in *Wolfe* is not the only formulation that our Supreme Court has articulated for the offense of possession with intent to deliver a controlled substance. In *People v Crawford*, 458 Mich 376, 383, 389; 582 NW2d 785 (1998), our Supreme Court stated that the elements of the offense of possession with intent to deliver cocaine are as follows: "(1) the defendant knowingly possessed a controlled substance; (2) the defendant intended to deliver this substance to someone else; (3) the substance possessed was cocaine and the defendant knew it was cocaine; and (4) the substance was in a mixture that weighed between 50 and 225 grams." The *Crawford* Court cited CJI2d 12.3 as its authority for these elements and did not independently construe the statutory language of MCL 333.7401. *Id*. at 389. Our Supreme Court and a panel of this Court in published opinions have both subsequently cited *Crawford* for this formulation of the elements of the offense. See *People v Johnson*, 466 Mich 491, 499-500; 647 NW2d 480 (2002) (in the context of analyzing an entrapment defense); *People v Williams*, 268 Mich App 416, 419-420; 707 NW2d 624 (2005) (reviewing a defendant's challenge to the sufficiency of the evidence supporting his conviction of possession with intent to deliver marijuana). The fact that there are two different formulations used by this Court and our Supreme Court supports that we should not only consider *Wolfe*'s formulation of the elements when assessing whether the current version of M Crim JI 12.3 accurately states the applicable law. We therefore also find it necessary to review the language of the statute itself.

When interpreting statutes, courts must assess statutory language in context and must construe the language according to its plain and ordinary meaning. *People v Lowe*, 484 Mich 718, 721-722; 773 NW2d 1 (2009). If statutory language is unambiguous, courts must apply the language as written and further construction is neither required nor permitted. *People v Borchard-Ruhland*, 460 Mich 278, 284; 597 NW2d 1 (1999). If a word is defined by statute, the word must be applied in accordance with its statutory definition. *Bush*, 315 Mich App at 246. "It is well settled that criminal statutes are to be strictly construed, absent a legislative statement to the contrary." *People v Boscaglia*, 419 Mich 556, 563; 357 NW2d 648 (1984).

Statutes that relate to the same matter must be read *in pari materia*. *Bloomfield Twp v Kane*, 302 Mich App 170, 176; 839 NW2d 505 (2013). "This general rule of statutory interpretation requires courts to examine the statute at issue in the context of related statutes," and statutes that involve the same subject matter "must be construed together for purposes of determining legislative intent." *Id*. Generally, when statutory language is included in one statutory section but omitted from another, we presume that the drafters acted intentionally to include or exclude the language. *People v Peltola*, 489 Mich 174, 185; 803 NW2d 140 (2011).

As previously noted, the pertinent part of the possession with intent to deliver a controlled substance statute, MCL 333.7401(1), states the following:

> (1) *Except as authorized by this article, a person shall not* manufacture, create, deliver, or *possess with intent to* manufacture, create, or *deliver a controlled substance*, a prescription form, or a counterfeit prescription form. [Emphasis added.]

Considering this sentence, there are two classes of crimes defined by MCL 333.7401(1). First, and not at issue in this case, it is a crime to "manufacture, create, [or] deliver" the defined substances. Second, it is a crime to "*possess with intent to* manufacture, create, or *deliver*" the

defined substances. The phrase "with intent to manufacture, create, or deliver" modifies the word "possess." There are no other words modifying the word "possess." As the prosecution points out, the statute does not include any modifier that refers to *lawful* or *unlawful* possession. Accordingly, the statute is directed at the evil of possessing "a controlled substance, a prescription form, or a counterfeit prescription form" with a particular intent—the intent to "manufacture, create, or deliver" the substance—regardless of whether the possession would otherwise be lawful or unlawful if the person lacked that particular intent.

In contrast, the crime of simple possession, which is defined by MCL 333.7403(1), provides the following:

> (1) *A person shall not knowingly or intentionally possess a controlled substance*, a controlled substance analogue, or a prescription form *unless the controlled substance*, controlled substance analogue, or prescription form *was obtained directly from, or pursuant to, a valid prescription* or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.[5] [Emphasis added.]

This statute makes it a crime to possess a controlled substance "knowingly or intentionally" but creates an exception for a person who has obtained the substance "from, or pursuant to, a valid prescription . . . ." The statute also allows a person to possess a controlled substance if the possession is "otherwise authorized by this article." The simple possession statute is therefore directed at the evil of mere possession of these substances, unless a person is legally authorized to possess them. A person's actual or intended use is irrelevant to the crime of simple possession; unlawful possession is the prohibited conduct. See also *People v Hartuniewicz*, 294 Mich App 237, 246; 816 NW2d 442 (2011) ("MCL 333.7403(1) proscribes the knowing or intentional possession of a controlled substance without authorization.").

There is no such exception in MCL 333.7401 based on the holding of a valid prescription. The legality of a person's possession, by itself, is irrelevant to the crime of possession with intent to deliver a controlled substance. Rather the only statutory exception to this offense is created by the opening phrase, "Except as authorized by this article . . . ." See MCL 333.7401(1). Under the CSA, a person must meet certain requirements before he or she may lawfully deliver or intend to deliver a controlled substance. See MCL 333.7303.

Before considering these requirements, however, we must first examine several pertinent statutory definitions. The CSA defines "deliver" or "delivery" as "the actual, constructive, or attempted transfer from 1 person to another of a controlled substance, whether or not there is an agency relationship." MCL 333.7105(1). " 'Dispense' means to deliver or issue a controlled substance to an ultimate user or research subject by or pursuant to the lawful order of a practitioner. . . ." MCL 333.7105(3). The CSA defines "distribute" as "to deliver other than by administering or dispensing a controlled substance." MCL 333.7105(5). " 'Ultimate user'

---

[5] The Legislature recently amended this statute by way of 2016 PA 307, which took effect on January 4, 2016. This amendment did not affect the statutory language at issue in this appeal.

means an individual who lawfully possesses a controlled substance for personal use or for the use of a member of the individual's household . . . ." MCL 333.7109(8).[6] The CSA defines "person" as "a person as defined in [MCL 333.1106] or a governmental entity." MCL 333.7109(1). And MCL 333.1106(4) defines "person" as "an individual, partnership, cooperative, association, private corporation, personal representative, receiver, trustee, assignee, or other legal entity." MCL 333.7101(1) states that, "[e]xcept as otherwise provided in [MCL 333.7341], . . . the words and phrases defined in sections 7103 to 7109 have the meanings ascribed to them in those sections."

MCL 333.7303 provides, in relevant part, the following:

(1) *A person* who manufactures, distributes, prescribes, or dispenses a controlled substance in this state or *who proposes to engage in the* manufacture, *distribution,* prescribing, or *dispensing of a controlled substance . . . shall obtain a license issued by the administrator* in accordance with the rules. . . .

(2) A person licensed by the administrator under this article to manufacture, distribute, prescribe, dispense, or conduct research with controlled substances may possess, manufacture, distribute, prescribe, dispense, or conduct research with those substances to the extent authorized by its license and in conformity with the other provisions of this article.

*   *   *

(4) The following persons need not be licensed and may lawfully possess controlled substances or prescription forms under this article:

(a) An agent or employee of a licensed manufacturer, distributor, prescriber, or dispenser of a controlled substance if acting in the usual course of the agent's or employee's business or employment.

(b) A common or contract carrier or warehouseman, or an employee thereof, whose possession of a controlled substance or prescription form is in the usual course of business or employment.

(c) An ultimate user or agent in possession of a controlled substance or prescription form pursuant to a lawful order of a practitioner or in lawful possession of a schedule 5 substance.

(5) The administrator may waive or include by rule the requirement for licensure of certain manufacturers, distributors, prescribers, or dispensers, if it

---

[6] The Legislature did not make any changes to Subsection (8) in the recent amendment of MCL 333.7109. See 2016 PA 383.

-8-

finds the waiver or inclusion is consistent with the public health and safety. [Emphasis added.]

Therefore, under MCL 333.7303(1), once a person "proposes to engage" in the distribution or dispensing, i.e., the "delivery" of a controlled substance, that person generally must obtain a license lawfully to do so. See also MCL 333.7105(3) and (5). The CSA does not define the term "proposes," but "when a term is not defined in a statute, the dictionary definition of the term may be consulted or examined," which "assists the goal of construing undefined terms in accordance with their ordinary and generally accepted meanings." *Kane*, 302 Mich App at 175. *Merriam-Webster's Collegiate Dictionary* (11th ed) defines the word "propose" as "to form or put forward a plan or intention." In other words, a person who forms an intention to deliver a controlled substance generally must obtain a license to do so under MCL 333.7303(1).

MCL 333.7303(4) and (5) provide limited exceptions to the general licensure requirement in MCL 333.7303(1). MCL 333.7303(4) identifies three categories of persons who "need not be licensed and may lawfully possess controlled substances or prescription forms under this article[.]" First, an "agent or employee" of a person licensed under MCL 333.7303(1) need not be licensed so long as the agent or employee is "acting in the usual course of the agent's or employee's business or employment." MCL 333.7303(4)(a). Second, a "common or contract carrier or warehouseman, or an employee thereof" need not be licensed so long as such a person's "possession of a controlled substance . . . is in the usual course of business or employment."[7] MCL 333.7303(4)(b). Third, an "ultimate user or agent" need not obtain a license to possess a controlled substance under MCL 333.7303(1) so long as his or her possession is "pursuant to a lawful order of a practitioner . . . ."[8] MCL 333.7303(4)(c). Finally, MCL 333.7303(5) states that the administrator may waive the licensure requirement for "certain manufacturers, distributors, prescribers, or dispensers" if it determines the waiver is "consistent with the public health and safety."

Reading the above statutes *in pari materia*, we conclude that MCL 333.7401(1) makes it a crime to possess a controlled substance, whether lawfully or not, *with the intent to deliver that substance* unless the person possessing the controlled substance either (1) has obtained a valid license to deliver the substance under MCL 333.7303(1) and (2), or (2) falls within one of the limited exceptions provided by MCL 333.7303(4) and (5). The statutory offense is aimed at preventing a person from possessing a controlled substance *with unlawful intent* regardless of

---

[7] MCL 333.7303(4)(b) rationally allows a "common or contract carrier or warehouseman, or an employee thereof" in possession of a controlled substance to lawfully intend to deliver the substance so long as such delivery "is in the usual course of business or employment" of that person or entity.

[8] Like the exception in MCL 333.7303(4)(b), we also conclude that MCL 333.7303(4)(c) only rationally allows an "ultimate user or agent" in possession of a controlled substance to lawfully intend to deliver the substance if the delivery is "pursuant to a lawful order of a practitioner," such as may be the case if a person retrieves a controlled substance from a pharmacy, pursuant to a valid prescription, for an ailing friend or family member.

whether the possession would otherwise be lawful absent this intent. See MCL 333.7401(1); *Kane*, 302 Mich App at 176. Intent to deliver may be "inferred from the quantity of narcotics in a defendant's possession, from the way in which those narcotics are packaged, and from other circumstances surrounding the arrest." *Wolfe*, 440 Mich at 524. Contrary to defendant's argument, a person is not criminally culpable under MCL 333.7401 for merely possessing a prescription medication; culpability arises when a person possessing a controlled substance displays overt actions showing an intent to unlawfully deliver the substance to someone else.

Therefore, the amended version of M Crim JI 12.3, which phrases the relevant inquiry as being whether a defendant was legally authorized *to deliver* the controlled substance as opposed to being legally authorized *to possess* the controlled substance, comports with the statutory definition of the offense. M Crim JI 12.3 does not conflict with Michigan caselaw because both this Court and our Supreme Court have each recently employed at least two formulations of the elements of possession with intent to deliver a controlled substance. See *Wolfe*, 440 Mich 516-517; *Crawford*, 458 Mich at 389. Only one of those formulations includes as an element that a defendant was not authorized *to possess* the controlled substance, and that formulation was developed in the context of offenses involving cocaine, in which the possible possession of a prescription was not at issue. See *Wolfe*, 440 Mich 516-517. The amended version of M Crim JI 12.3 accurately states the law and should be used in this case.[9] MCR 2.512(D)(2). Therefore, the trial court erred by granting defendant's motion to modify the jury instruction.

## III. NECESSARILY INCLUDED LESSER OFFENSE

The prosecution next argues that the trial court erred by concluding that simple possession is a necessarily included lesser offense of possession with intent to deliver a controlled substance. Defendant argues that having a valid prescription exempts a defendant from prosecution under the simple possession statute, MCL 333.7403, so such a prescription should likewise exempt a defendant from prosecution under MCL 333.7401. We review de novo questions of law, including whether an offense constitutes a necessarily included lesser offense. *People v Heft*, 299 Mich App 69, 73; 829 NW2d 266 (2012).

As a preliminary matter, defendant argues that this issue is not ripe for review because neither party has moved for a lesser included offense instruction on simple possession. To determine whether an issue is justiciably ripe, "a court must assess whether the harm asserted has matured sufficiently to warrant judicial intervention." *People v Bocsa*, 310 Mich App 1, 56; 871 NW2d 307, held in abeyance ___ Mich ___ (2015) (quotation marks and citation omitted). "Inherent in this assessment is the balancing of any uncertainty as to whether [a party] will actually suffer future injury, with the potential hardship of denying anticipatory relief." *Id.* at 56 (quotation marks and citation omitted). Stated another way, the ripeness doctrine precludes adjudication of merely hypothetical claims. *Id.* at 57.

---

[9] Our conclusion on this issue only applies to the main body of the text in M Crim JI 12.3, and not to the footnote accompanying bracketed paragraph (6). We discuss in Part IV of this opinion the burdens of production and persuasion applicable to a defendant claiming that he or she was authorized to possess or deliver a controlled substance.

In the order appealed, the trial court concluded that simple possession is a necessarily included lesser offense of possession with intent to deliver a controlled substance. The court then concluded that, because having a valid prescription is a defense to the offense of simple possession, the defense was equally applicable to the greater charge of possession with intent to deliver a controlled substance. The trial court explained that it would enter a directed verdict against the prosecution if defendant produced evidence that he had a valid prescription to possess the controlled substances at issue. Given the trial court's ruling, the prosecution will suffer future harm and its injury is not merely hypothetical because the trial court has indicated precisely what it intends to do. Furthermore, the parties have thoroughly briefed this issue and it is well framed for a decision by this Court. We therefore conclude that the harm asserted warrants judicial intervention. *Bosca*, 310 Mich App at 56.

"A necessarily lesser included offense is an offense whose elements are completely subsumed in the greater offense." *People v Mendoza*, 468 Mich 527, 540; 664 NW2d 685 (2003). In contrast, cognate offenses share with a greater offense several elements and are of the same class or category, but they contain elements not found in the greater offense. *Id.* at 543. A determination of whether a lesser offense is necessarily included within a greater offense "requires a comparison of the elements of the offenses . . . ." *People v Jones*, 497 Mich 155, 164; 860 NW2d 112 (2014).

In *Gridiron I*, 185 Mich App at 397, 400,[10] this Court addressed whether a defendant charged with possession with intent to deliver cocaine was entitled to a jury instruction on simple possession and stated, "[I]t is evident that simple possession is a necessarily lesser included offense to possession with intent to deliver since the only distinguishing characteristic is the additional element of the intent to deliver in the greater offense." The Court opined that "one obviously cannot possess a controlled substance with the intent to deliver it without having also committed the offense of possession." *Id.* at 401. Likewise, in *People v Torres (On Remand)*, 222 Mich App 411, 416-417; 564 NW2d 149 (1997), citing *Gridiron II*, 190 Mich App at 369, this Court stated that "[p]ossession of more than 650 grams of cocaine has been considered to be a necessarily included lesser offense of possession with intent to deliver that amount of cocaine, because the only distinguishing characteristic is the additional element of the intent to deliver."

The prosecution argues that this Court's opinion in *Lucas*, 188 Mich App 554, controls. In *Lucas*, this Court stated that "[p]ossession of a controlled substance is a cognate lesser included offense of possession with intent to deliver involving a differently categorized statutory amount." *Id.* at 581. The *Lucas* Court made this statement without any analysis, but cited to *People v Marji*, 180 Mich App 525, 531; 447 NW2d 835 (1989), remanded on other grounds by

---

[10] The opinion in *Gridiron I* was vacated on rehearing by *Gridiron II*, 190 Mich App at 370, for reasons unrelated to the statements of law set forth in this opinion, namely, on grounds of ineffective assistance of counsel. The *Gridiron II* Court vacated the defendant's conviction and prohibited retrial. *Id*. In *Gridiron III*, 439 Mich at 880, our Supreme Court amended this Court's judgment in *Gridiron II* because it concluded that "[t]he appropriate remedy on a finding of ineffective assistance of counsel is retrial and not the discharge of the defendant."

*People v Thomas*, 439 Mich 896 (1991), and *People v Leighty*, 161 Mich App 565, 578-579; 411 NW2d 778 (1987). In *Marji*, 180 Mich App at 531, this Court explained that delivery of a lesser amount of cocaine was a cognate lesser offense of delivery of over 225 grams of cocaine because the offenses "contain essential elements not present in the greater offense, namely proof of lesser quantities of controlled substances." In *Leighty*, 161 Mich App at 578, this Court treated possession of less than 50 grams of cocaine as a cognate lesser offense of possession with intent to deliver 225 grams or more of cocaine. These cases thus stand for the proposition that simple possession can be a necessarily included lesser offense of possession with intent to deliver the same amount of a controlled substance, but if the offenses involve differently categorized statutory amounts, possession will be treated as a cognate lesser offense.

Both *Gridiron I* and *Torres* involved the offense of possession with intent to deliver cocaine, a drug which could not be obtained using a valid prescription. However, comparing the elements of the two offenses, we agree that, absent a difference in the amount of the substance involved, the elements of simple possession are completely subsumed within the elements of possession with intent to deliver a controlled substance. The elements of possession with intent to deliver a controlled substance under MCL 333.7401 are: (1) that a defendant possessed a controlled substance; (2) that the defendant knew he or she possessed the controlled substance; (3) that the defendant intended to deliver the controlled substance to someone else; and (4) the amount of the controlled substance, if applicable. See *Crawford*, 458 Mich at 389; M Crim JI 12.3; MCL 333.7401. In comparison, the elements of simple possession are: (1) that a defendant possessed a controlled substance; (2) that the defendant knew he or she possessed the controlled substance; and (3) the amount of the controlled substance, if applicable. M Crim JI 12.3; MCL 333.7403. Because the elements of simple possession are completely subsumed within the elements of the greater offense of possession with intent to deliver a controlled substance, the trial court did not err by concluding that simple possession is a necessarily included lesser offense of possession with intent to deliver a controlled substance. See *Mendoza*, 468 Mich at 540.

The trial court went astray, however, by then concluding that evidence of a valid prescription, which exempts a defendant from prosecution under the simple possession statute, MCL 333.7403(1), constitutes an equally applicable defense to the greater offense of possession with intent to deliver a controlled substance. In *Pegenau*, 447 Mich 278, our Supreme Court analyzed the elements of simple possession under MCL 333.7403(1). In his lead opinion, Justice MALLETT wrote that the elements of this offense were limited to whether a person "knowingly or intentionally possess[es] a controlled substance . . . ." *Id.* at 292 (opinion by MALLET, J.) (quotation marks omitted). Justice MALLETT explained that the "presence of a prescription is analogous to an affirmative defense," so the statutory "language concerning a prescription or other authorization refers to an exemption rather than an element of the crime." *Id.* at 289, 292.[11] In *Hartuniewicz*, 294 Mich App at 245-246, this Court further explained:

---

[11] Justice MALLETT's opinion was joined in full only by Justice LEVIN and Justice BRICKLEY; however, Chief Justice CAVANAGH and Justice BOYLE each authored opinions concurring with this portion of the lead opinion. See *Pegenau*, 447 Mich at 304 (CAVANAGH, C.J., concurring in

Before *Pegenau*, this Court repeatedly considered the burden of proof in relation to exceptions to the CSA. And, having done so, this Court consistently ruled that these exceptions are affirmative defenses, not elements of the underlying offense. See *People v Bates*, 91 Mich App 506, 513-516; 283 NW2d 785 (1979) (the defendant has the burden to prove the exemption now located in MCL 333.7531[2] because the lack of authorization to deliver a controlled substance is not an element of a delivery charge); *People v Bailey*, 85 Mich App 594, 596; 272 NW2d 147 (1978) (same); *People v Beatty*, 78 Mich App 510, 513-515; 259 NW2d 892 (1977) (the CSA creates a general prohibition on the delivery of controlled substances and the defendant has the burden to establish a specific exception); *People v Dean*, 74 Mich App 19, 21-28; 253 NW2d 344 (1977), mod in part on other grounds 401 Mich 841, 282 NW2d 924 (1977) (the Legislature did not unconstitutionally shift the burden of proof onto defendants under the CSA; defendants merely have the burden of establishing statutory exceptions as an affirmative defense). The common theme of these opinions is that exceptions, exemptions, and exclusions from the legal definition of "controlled substance" are not elements of a controlled substance offense. Rather, they are affirmative defenses that a defendant may present to rebut the state's evidence. [Brackets in original.]

The presence of a valid prescription thus constitutes an exemption from prosecution for simple possession, not an element of the offense. See MCL 333.7403(1) ("A person shall not knowingly . . . possess a controlled substance . . . unless the controlled substance . . . was obtained directly from, or pursuant to, a valid prescription . . . ."). MCL 333.7401(1) likewise contains an exception, but it is not based on the holding of a valid prescription. Rather, 333.7401(1) provides that, "*[e]xcept as authorized by this article*, a person shall not . . . possess with intent to . . . deliver a controlled substance . . . ." (Emphasis added.) As described earlier in this opinion, a person may possess a controlled substance with intent to deliver the same if the person either (1) holds a valid license to deliver the substance under MCL 333.7303(1) and (2), or (2) falls within one of the limited exceptions provided by MCL 333.7303(4) and (5).

Therefore, although the trial court did not err by concluding that simple possession is a necessarily included lesser offense of possession with intent to deliver a controlled substance, it erroneously concluded that having a valid prescription, which exempts a defendant from prosecution for simple possession under MCL 333.7403(1), applies with equal force to the offense of possession with intent to deliver a controlled substance under MCL 333.7401(1). Instead, to establish the exception under MCL 333.7401(1), a defendant must show that he or she was authorized to deliver the controlled substance possessed by either having a valid license to deliver the substance or by falling within one of the exceptions to the general licensure requirement. See MCL 333.7303(1), (4), and (5).

part and dissenting in part) (dissenting only with regard to the lead opinion's characterization of the "some competent evidence" standard); *id*. at 309 (BOYLE, J., concurring in the result) (agreeing with the lead opinion's rejection of the defendant's constitutional argument). Justice LEVIN concurred with Chief Justice CAVANAGH's opinion, and Justice GRIFFIN and Justice RILEY concurred with Justice BOYLE's opinion.

IV. BURDEN OF PROOF

Finally, the prosecution argues that the trial court erred by concluding that, to establish an exemption or exception under the CSA, defendant bore only the burden to produce some competent evidence of his authorization to possess or deliver the controlled substances, after which the burden of persuasion shifted to the prosecution to prove lack of authorization beyond a reasonable doubt. The prosecution contends that both the burden of production and persuasion should be placed on defendant under MCL 333.7531. Issues regarding the allocation of the burden of proof under the CSA involve "the interpretation and coordination of various provisions of the CSA," which presents an issue of statutory interpretation that we review de novo. *Hartuniewicz*, 294 Mich App at 241.

MCL 333.7531 sets forth the presumptions and burdens of proof applicable to a defendant claiming an exemption or exception under the CSA and provides the following:

> (1) It is not necessary for this state to negate any exemption or exception in this article in a complaint, information, indictment, or other pleading or in a trial, hearing, or other proceeding under this article. *The burden of proof of an exemption or exception is upon the person claiming it.*
>
> (2) In the absence of proof that a person is the authorized holder of an appropriate license or order form issued under this article, the person is presumed not to be the holder of the license or order form. The burden of proof is upon the person to rebut that presumption. [Emphasis added.]

In *People v Hartwick*, 498 Mich 192, 216; 870 NW2d 37 (2015), our Supreme Court explained that there are two distinct legal concepts involved in the assignment of the burden of proof:

> The first, the burden of production, requires a party to produce some evidence of that party's propositions of fact. The second, the burden of persuasion, requires a party to convince the trier of fact that those propositions of fact are true. The prosecution has the burden of proving every element of a charged crime beyond a reasonable doubt. This rule of law exists in part to ensure that there is a presumption of innocence in favor of the accused . . . and its enforcement lies at the foundation of the administration of our criminal law. To place the burden on a criminal defendant to negate a specific element of a crime would clearly run afoul of this axiomatic, elementary, and undoubted principle of law. [Quotation marks and citations omitted; ellipsis in original.]

In *Pegenau*, 447 Mich 278, our Supreme Court addressed whether MCL 333.7531 could constitutionally place the burden of proving the existence of a valid prescription on a defendant charged with unlawful possession of Valium and Xanax. The defendant challenged the constitutionality of MCL 333.7531 by "claiming its allocation of the burden of proof regarding an exemption constitutes an impermissible presumption." *Id.* at 288 (opinion by MALLETT, J.). Citing *Patterson v New York*, 432 US 197; 97 S Ct 2319; 53 L Ed 2d 281 (1977), Justice MALLETT explained in his lead opinion that "a statute that places the burden of proof on a defendant is not violative of due process if the fact the defendant is required to prove is not

determinative of an essential element of the crime as defined in the statute." *Id.* at 289. Justice MALLETT concluded that the presence of a prescription for purposes of MCL 333.7403(1) was not an essential element of simple possession, but was instead "analogous to an affirmative defense." *Id.* Therefore, the lead opinion concluded, the assignment of the burden of proof in MCL 333.7531 did not violate the defendant's constitutional due process rights. *Id.* at 293.[12]

Relying on *People v Wooster*, 143 Mich App 513, 517; 372 NW2d 353 (1985), *People v Bailey*, 85 Mich App 594, 596; 272 NW2d 147 (1978), and *People v Bates*, 91 Mich App 506, 516; 283 NW2d 785 (1979), Justice MALLETT opined that the burden of proof imposed by MCL 333.7531 first required a defendant to produce "some competent evidence," which required "more than his own mere assertion that he had a prescription." *Id.* at 295. Justice MALLETT concluded that the defendant failed to produce evidence sufficient to meet the burden of production under MCL 333.7531. *Id.* at 300. In doing so, however, he explained that "we have left open the question whether in Michigan [MCL 333.7531] can or should be interpreted to shift to defendant the burden of persuasion in addition to the burden of production." *Id.*

Justice LEVIN and Justice BRICKLEY concurred with Justice MALLETT's lead opinion. Chief Justice CAVANAGH, in his partial concurrence and partial dissent, wrote that he concurred "in the holding of the lead opinion" but dissented "from its characterization of 'some competent evidence.' " *Id.* at 304 (CAVANAGH, C.J., concurring in part and dissenting in part). In his discussion of the relevant statute, Chief Justice CAVANAGH stated, "the defendant may show an exception to or exemption from the statutory mandate by offering some competent evidence of a prescription during trial. *At that point, the prosecution is required to establish the contrary beyond a reasonable doubt.*" *Id.* at 307 (emphasis added). Chief Justice CAVANAGH's opinion, however, was joined only by Justice LEVIN.

Justice BOYLE argued in a partial dissenting opinion that the statutory phrase "burden of proof" as used in MCL 333.7531 by its plain terms shifted both the burden of production and persuasion to the defendant to prove an exemption or exception under the CSA. *Pegenau*, 447 Mich at 309-310 (BOYLE, J., concurring in the result). Justice BOYLE stated:

> I write separately because the lead opinion's interpretation of MCL 333.7531 . . . ignores the plain meaning of the statute. Contrary to its assurances that only the constitutionality of this particular conviction is being addressed, by refusing to recognize that the statute shifts the burdens of production *and* persuasion onto the defendant, the lead opinion would alter the burden of proof established by the statute. [*Id.*]

---

[12] Again, the opinions authored by Chief Justice CAVANAGH and Justice BOYLE agreed with this portion of Justice MALLETT's lead opinion. See *Pegenau*, 447 Mich at 304 (CAVANAGH, C.J., concurring in part and dissenting in part) (dissenting only with regard to the lead opinion's characterization of the "some competent evidence" standard); *id.* at 309 (BOYLE, J., concurring in the result) (agreeing with the lead opinion's rejection of the defendant's constitutional argument).

Justice GRIFFIN and Justice RILEY concurred with Justice BOYLE.

Responding to Justice BOYLE's opinion, Justice MALLETT argued that the "burden of proof" is capable of two alternate meanings:

> Burden of proof is a term which describes two different concepts; first, the "burden of persuasion," which under traditional view never shifts from one party to the other at any stage of the proceeding, and second, the "burden of going forward with the evidence," which may shift back and forth between the parties as the trial progresses.

> Far from being plain, the Legislature's use of the term "burden of proof" is ambiguous. Our Court of Appeals has consistently interpreted the language in this statute as shifting only the burden of going forward with the evidence, also known as the burden of production, to the defendant. *People v Bates*, *People v Bailey*, and *People v Wooster*, *supra*. [*Id.* at 300-301 (opinion by MALLETT, J.) (quotation marks and citation omitted).]

Further, citing *People v Dempster*, 396 Mich 700; 242 NW2d 381 (1976), and *People v Henderson*, 391 Mich 612; 218 NW2d 2 (1974), Justice MALLETT wrote that the Michigan Supreme Court "has interpreted similar statutory provisions as shifting the burden of production, rather than the burden of persuasion" to a defendant. *Id.* at 301. Justice MALLETT conceded that *Dempster* and *Henderson* were decided before the United States Supreme Court decided *Patterson*, which held that a statute placing the burden of proof on a defendant does not violate due process if the fact the defendant is required to prove is not an essential element of the crime. *Id.* at 302. However, Justice MALLETT "decline[d] to reinterpret the statute in the guise of 'plain meaning' so that it lines up with the United States Supreme Court's pronouncement, especially without the benefit of argument and briefing by the parties." *Id.*

As an initial matter, we note that a majority of the Supreme Court in *Pegenau* did not decide whether MCL 333.7531 shifts the burden of *persuasion* to a defendant claiming an exemption or exception under the CSA. See *id.* at 300 (opinion by MALLETT, J.) ("[W]e have left open the question whether in Michigan [MCL 333.7531] can or should be interpreted to shift to defendant the burden of persuasion in addition to the burden of production.").[13] Although Justice MALLETT relied on this Court's opinions in *Bates*, *Bailey*, and *Wooster*, to abstain from ruling that MCL 333.7531 shifted both the burden of production and persuasion to a defendant claiming an exemption or exception under the CSA, these opinions are not binding on this Court,

---

[13] It is worth pointing out that in Justice MALLETT's lead opinion, there is a statement that, "[a]fter a defendant has met his burden of going forward with evidence on an issue, the burden shifts to the prosecution to prove this issue beyond a reasonable doubt." *Id.* at 303. This statement was made, however, in the context of describing the burden allocation under the federal Controlled Substances Act, 21 USC 885(a)(1), and should not be considered a legal ruling by the lead opinion regarding the burden allocation under MCL 333.7531.

-16-

MCR 7.215(J)(1).[14]  Further, our Supreme Court's opinions in *Dempster* and *Henderson* did not involve the CSA and MCL 333.7531,[15] and as Justice MALLETT noted in his lead opinion, these opinions were decided before the United States Supreme Court decided *Patterson*.  Accordingly, *Pegenau* and the line of cases cited by Justice MALLETT in his lead opinion do not require us to conclude that only the burden of production falls on a defendant under MCL 333.7531.[16]

Instead, we conclude that the articulation of the burden of proof adopted by a majority of our Supreme Court in *People v Mezy*, 453 Mich 269; 551 NW2d 389 (1996), applies in this case. In *Mezy*, our Supreme Court addressed whether successive state and federal prosecutions for conspiracy to possess with intent to deliver cocaine were prohibited by the double jeopardy provisions of the United States and Michigan Constitutions, or by MCL 333.7409 of the CSA, which states, "If a violation of this article is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state."  In her lead opinion, Justice WEAVER, joined by Justice BOYLE and Justice RILEY, concluded that the "state and federal governments may punish the same offenses," and that the defendants' subsequent state prosecution therefore did not violate the double jeopardy provisions of the state and federal Constitutions.  *Mezy*, 453 Mich at 281 (opinion by WEAVER, J.).  Addressing the possible application of MCL 333.7409, Justice WEAVER then stated the following:

---

[14] In *Bailey*, 85 Mich App at 596, 599, this Court held that "[l]ack of authorization is not an element of the crime of delivery of a controlled substance under the present statute" and that "if the defendant adduces any evidence of authorization, the people must also prove beyond a reasonable doubt that he had no such authorization."  See also *Wooster*, 143 Mich App at 517 (citing the same language from *Bailey*); *Bates*, 91 Mich App at 516 ("The prosecution establishes a prima facie case by evidence linking defendant with each element of the crime of delivery of heroin.  Upon defendant's presentation of some competent evidence that he is authorized by license . . . the people must then prove to the contrary beyond a reasonable doubt.").

[15] In *Dempster*, 396 Mich at 711-714, our Supreme Court interpreted a provision of the Uniform Securities Act stating that, "[i]n any proceeding under this act, the burden of proving an exemption or an exception is upon the person claiming it," and concluded that this provision shifted only the burden of production to a defendant.  In *Henderson*, 391 Mich at 616, our Supreme Court concluded that, in the context of a prosecution for carrying a concealed weapon, once the prosecution establishes a prima facie violation, the defendant has the burden of offering some proof that he or she has some license to carry the weapon, after which the prosecution is obliged to establish the contrary beyond a reasonable doubt.

[16] Furthermore, we agree with Justice BOYLE's opinion that the term "burden of proof" by its plain meaning encompasses both the burdens of production and persuasion.  When the Legislature places the "burden of proof" on a defendant, this requires no additional gloss or parsing from the judiciary.  Had the Legislature intended to shift only the burden of production to a defendant, it could easily have said so.  As the Legislature chose not to subdivide the term "burden of proof," it is logical to conclude that the Legislature intended to shift both burdens to a defendant.

We would hold that the defendants bear the burden both of production and persuasion to prevail on their argument that the statute applies to bar a second prosecution. As a general rule, this Court has the power to allocate the burden of proof. *People v D'Angelo*, 401 Mich 167, 182; 257 NW2d 655 (1977). Because the statute does not state who shall bear the burden of proof, we are free to assign it as we see fit, as long as we do not transgress the constitutional requirement that we not place on the defendant the burden of persuasion to negate an element of the crime. *Patterson v New York*, 432 US 197; 97 S Ct 2319; 53 L Ed 2d 281 (1977); *People v Pegenau*, 447 Mich 278, 317; 523 NW2d 325 (1994) (BOYLE, J., concurring in the result). This statutory exclusion does not call into question defendant's guilt or innocence. The defendant is alleging that he should be insulated from prosecution regardless of whether he is guilty. MCL 333.7531 . . . provides:

> It is not necessary for this state to negate any exemption or exception in this article in a complaint, information, indictment, or other pleading or in a trial, hearing, or other proceeding under this article. The burden of proof of an exemption or exception is upon the person claiming it.

> As in *People v Pegenau, supra*, defendant is attempting to establish an exemption or exception to a controlled substances offense. In this situation, the presence of a conviction or acquittal under federal law or the law of another state for the same act is analogous to an affirmative defense. *Id.* at 289. Thus, it is appropriate to place the burden of proof by a preponderance of the evidence on the defendant. See *D'Angelo, supra* at 182. [*Id.* at 282-283 (opinion by WEAVER, J.).]

Justice WEAVER concluded that a remand was required to determine if the defendants could satisfy this newly established burden of proof under MCL 333.7531. *Mezy*, 453 Mich at 286 (opinion by WEAVER, J.). Although Justice WEAVER's opinion was joined in full only by Justice RILEY and Justice BOYLE, Chief Justice BRICKLEY wrote an opinion concurring in part and dissenting in part in which he expressly agreed with the lead opinion's conclusion regarding the applicable burden of proof under MCL 333.7531. See *Mezy*, 453 Mich at 286 (BRICKLEY, C.J., concurring in part and dissenting in part) ("I agree with the decision of the lead opinion to remand the case so that the trial courts may determine whether there were multiple conspiracies for purposes of the statute under the newly articulated burden of proof. Accordingly, I concur with part[] . . . IV . . . of the lead opinion."). Therefore, a majority of our Supreme Court agreed that MCL 333.7531 places both the burden of production and persuasion on a defendant claiming an exemption or exception under the CSA, and that a defendant must establish such an exemption or exception by a preponderance of the evidence.

As discussed earlier in this opinion, authorization to either possess a controlled substance for purposes of MCL 333.7403(1) or to deliver a controlled substance for purposes of MCL 333.7401(1) constitutes an exemption or exception to prosecution for those offenses, and not an essential element of the crimes. Therefore, under *Mezy*, 453 Mich at 282-283 (opinion by WEAVER, J.); *id.* at 286 (BRICKLEY, C.J., concurring in part and dissenting in part), defendant

-18-

bears both the burden of production and persuasion to establish these exceptions or exemptions and must do so by a preponderance of the evidence. The trial court thus erred by concluding that, under *Pegenau*, 447 Mich 278, defendant bore only the burden to produce some competent evidence of his authority to possess or deliver the controlled substances at issue, after which the burden of persuasion shifted to the prosecution to prove that defendant lacked such authority beyond a reasonable doubt.

For the same reason, we also conclude that the footnote accompanying bracketed paragraph (6) of M Crim JI 12.3 does not accurately state the law. Citing *Pegenau*, 447 Mich 278, the footnote states that paragraph (6), which references a defendant's authorization to deliver a controlled substance, "should be given only when the defense has presented some competent evidence beyond a mere assertion that the defendant was authorized to deliver the substance. If the defense presents such evidence, the prosecution must prove lack of authorization beyond a reasonable doubt." M Crim JI 12.3. Under *Mezy*, 453 Mich at 282-283 (opinion by WEAVER, J.); *id.* at 286 (BRICKELY, C.J., concurring in part and dissenting in part), a defendant claiming an exception or exemption under the CSA bears both the burden of production and persuasion and must demonstrate by a preponderance of the evidence that he or she is legally authorized to deliver a controlled substance.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Michael J. Talbot
/s/ Elizabeth L. Gleicher

-19-