# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

   Plaintiff-Appellee,

v

KEITH ERIC WOOD,

   Defendant-Appellant.

FOR PUBLICATION
December 11, 2018

No. 342424
Mecosta Circuit Court
LC No. 17-024073-AR

Before: MURRAY, C.J., and MURPHY and CAMERON, JJ.

MURPHY, J. (*dissenting*).

I conclude that the jury-tampering statute, MCL 750.120a, is simply not implicated under the circumstances presented in this case. Therefore, I would reverse defendant's misdemeanor conviction. Accordingly, I respectfully dissent.

We review de novo issues of statutory construction. *People v Pinkney*, 501 Mich 259, 267; 912 NW2d 535 (2018). When interpreting a statute, this Court first focuses on the plain language of the statute, with the goal of giving effect to the intent of the Legislature. *Id.* at 268. We must read individual words and phrases in the context of the entire legislative scheme, examining the statute as a whole. *Id.* When the language of the statute is unambiguous, the statute must be enforced as written, and no further judicial construction is required or permitted. *Id.* If at all possible, every word in a statute should be given meaning and no word should be rendered nugatory or treated as surplusage. *Id.* at 288.

MCL 750.120a(1) provides that "[a] person who willfully attempts to influence the decision of a juror in any case by argument or persuasion, other than as part of the proceedings in open court in the trial of the case, is guilty of a misdemeanor . . . ." With respect to mens rea, under the plain language of the statute, a person's conduct in attempting to influence a juror's decision by way of argument or persuasion must be willful. Next, a person need not successfully influence a juror's decision in order to be held criminally responsible, given that the statute punishes "attempts" to influence a juror. Additionally, subsection (1) of MCL 750.120a is limited to examining conduct and communications entailing "argument or persuasion."

In defining the meaning of the term "juror" so as to accurately decipher the Legislature's intent, I believe it vital to take into consideration the surrounding language and the context in which the term is used in MCL 750.120a(1). Under MCL 750.120a(1), argument or persuasion cannot be employed in a willful attempt to influence "the decision of a juror in any case." In my view, the statutory phrase, "the decision of a juror in any case," tells us all that we need to know

-1-

in resolving this appeal, making it unnecessary and improper to resort to dictionary definitions of the term "juror" or to engage in a constitutional analysis. I conclude that a person is not "a juror in a[] case," let alone a juror who has the capacity to make a "decision," at the point in time that he or she has merely been summoned for jury duty and arrives at the courthouse. Rather, at the very earliest, one who has been selected as a venireperson, as distinguished from the larger group of individuals summoned for jury duty, might perhaps be characterized as a juror in a case, given that a venireperson would be subjected to voir dire for purposes of a particular case. See *People v Bryant*, 491 Mich 575, 583 n 4; 822 NW2d 124 (2012) (differentiating a venire, which consists of a panel of potential jurors called into a courtroom, from a group of people generally summoned to appear for jury duty). In sum, I cannot conclude that MCL 750.120a was intended to be implicated until the trial process in a case is underway, starting with selection of the venire, if even at that point.

This position is buttressed by the language in MCL 750.120a(1), which provides an exception for argument or persuasion that is "part of the proceedings in open court *in the trial of the case*." (Emphasis added.) This language presupposes that a trial was indeed commenced. Moreover, MCL 750.120a(3) provides that subsection (1) does not "prohibit any *deliberating juror* from attempting to influence other members of the same jury by any proper means." (Emphasis added.) This language contemplates not only a trial, but a concluded trial, followed by jury deliberations.

Giving meaning to the words in MCL 750.120a(1), such that none of the words are treated as surplusage, and reading the words and phrases in the context of the whole statute, the Legislature plainly envisioned MCL 750.120a(1) being implicated only after the trial process has commenced. Jennifer Johnson and Theresa DeVries were simply not *jurors in the case* against Andrew Yoder when approached by defendant and given the juror-nullification literature.

In further support and contrary to the majority's view, I believe that the Legislature's reference to a person "summoned as a juror" in MCL 750.120, absent comparable language in MCL 750.120a(1), reveals that MCL 750.120a(1)'s reference to "a juror" was solely meant to encompass seated jurors and perhaps venirepersons. MCL 750.120 was enacted in 1931 pursuant to 1931 PA 328, and MCL 750.120a was added in 1955 pursuant to 1955 PA 88. Clearly, had the Legislature intended for MCL 750.120a(1) to cover a person summoned as a juror, it would and could have used the previously-employed and more expansive language, yet the Legislature chose not to do so. "Generally, when statutory language is included in one statutory section but omitted from another, we presume that the drafters acted intentionally to include or exclude the language." *People v Robar*, 321 Mich App 106, 121; 910 NW2d 328 (2017). I find the majority's arguments rejecting application of this statutory principle strained and unavailing. I do wish to emphasize, however, that although I conclude that defendant did not commit a criminal misdemeanor under MCL 750.120a(1), I am not prepared to state, nor is it necessary to state, that a trial court, under its inherent and constitutional powers, cannot prohibit or control the possible tainting of summoned jurors.

I would reverse defendant's conviction. Accordingly, I respectfully dissent.

/s/ William B. Murphy

-2-