*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KIBI Q. SOSUR,

Defendant-Appellant.

UNPUBLISHED
July 23, 2019

No. 343462
Berrien Circuit Court
LC No. 2017-003720-FH

Before: SAWYER, P.J., and BORRELLO and SHAPIRO, JJ.

PER CURIAM.

Defendant appeals as of right her jury trial conviction of possession of less than 25 grams of a controlled substance, hydrocodone, MCL 333.7403(2)(a)(*v*). For the reasons set forth in this opinion, we remand this matter for further proceedings consistent with this opinion.

## I. BACKGROUND

On July 30, 2017, defendant's disruptive behavior at Four Winds Casino in New Buffalo, Michigan led to a casino security officer asking defendant to leave the casino. Defendant did not comply. Pokagon Tribal Police Department Officer Kristen Lamphere arrived at the casino and asked defendant to leave the premises several times. After defendant refused to leave, Lamphere arrested defendant and searched defendant's purse. Lamphere found and seized an unlabeled pill bottle in defendant's purse. According to Lamphere, defendant indicated that the pills were pain pills prescribed to her sister and that defendant was carrying because she did not want her sister to have the pills. Subsequent chemical testing analysis indicated that the pills contained a combination of acetaminophen and hydrocodone.

Defendant testified on her behalf and stated that she did not have a prescription for hydrocodone and that she was not aware before the search that the pills were in her purse. Defendant later testified that she filled a pain medication prescription for her sister, placed some pills in her sister's pill bottle, placed the remainder of the pills in one of her antibiotic pill bottles, and removed the antibiotic prescription label. According to defendant, she placed the unlabeled pills in her purse to hold for her sister but forgot that they were there. Defendant asserted that

-1-

she was not aware that the pills contained hydrocodone and that she only knew that her sister's prescription was for "pain medication."

The jury found defendant guilty of possessing less than 25 grams of a mixture containing hydrocodone, and defendant now appeals.

## II. ANALYSIS

On appeal, defendant argues that she was denied an opportunity to present a defense because the trial court erroneously prohibited her from presenting evidence that defendant was her sister's caregiver, that defendant's sister had a prescription for hydrocodone, and that defendant had picked up the hydrocodone for her sister pursuant to a valid prescription. Defendant maintains that such evidence would have explained the presence of the pills in her purse. She further argues that her inability to present this evidence also prevented her from obtaining a proper jury instruction regarding her proposed defense.

Before trial, the prosecution filed a motion in limine seeking to prevent defendant from introducing evidence related to her sister's prescription for hydrocodone, as well as evidence regarding defendant's claim that she held a power of attorney from her sister.[1]

It is evident from some of the trial judge's statements to the parties during the course of trial and at sentencing that at least some of defendant's proposed evidence was ruled inadmissible. However, although the trial judge indicated on the record that it had issued a pretrial ruling regarding the admissibility of this proposed evidence, the current record contains no transcript or written order related to the prosecution's motion in limine. More specifically, the trial judge indicated during the trial that it had issued a ruling on this motion on the preceding

---

[1] MCL 333.7403(1), which defines the crime of possession of a controlled substance (simple possession), provides as follows:

> A person shall not knowingly or intentionally possess a controlled substance, a controlled substance analogue, or a prescription form unless the controlled substance, controlled substance analogue, or prescription form was obtained directly from, or pursuant to, a valid prescription or order of a practitioner while acting in the course of the practitioner's professional practice, or except as otherwise authorized by this article.

Notably, this Court has explained that MCL 333.7403(1) "makes it a crime to possess a controlled substance 'knowingly or intentionally' but [(1)]creates an exception for a person who has obtained the substance 'from, or pursuant to, a valid prescription . . .' " and (2) "also allows a person to possess a controlled substance if the possession is 'otherwise authorized by this article.' " *People v Robar*, 321 Mich App 106, 122; 910 NW2d 328 (2017), quoting MCL 333.7403(1). The *Robar* Court stated further that the "simple-possession statute is therefore directed at the evil of mere possession of these substances, unless a person is legally authorized to possess them." *Id*.

Friday, but it is not clear from the lower court record or the Register of Actions that any such hearing occurred or was transcribed. Certainly, neither of the parties provided us with any such transcript.[2] Hence, there is nothing for us to review at this juncture. While there is no doubt that the trial judge made a ruling of some sort, we do not know what that ruling was, what evidence defendant actually proposed to admit, what specific evidence was ruled inadmissible, or the legal basis for the trial judge's ruling. The current record is insufficient for us to adjudicate defendant's appellate argument.

Therefore, we remand this matter for an evidentiary hearing to determine the legal and factual basis for effectively prohibiting defendant from presenting a defense that was based on having authorization to possess the controlled substance at issue. We additionally note that although defendant did mention during her testimony that she was her sister's caregiver and that she had picked up her sister's prescription, this does not by itself dictate a conclusion that all of the evidence allegedly at issue was admitted or that any error that may have occurred was harmless; nor does this fact otherwise absolve the trial court from holding an evidentiary hearing. The jury was not instructed about any defense theory based on defendant being authorized to possess the medication, and without knowing the full extent of defendant's proffered evidence, we are unable to determine whether such an instruction would have been legally or factually warranted. See *People v Robar*, 321 Mich App 106, 115; 910 NW2d 328 (2017) ("A criminal defendant is entitled to have a properly instructed jury consider the evidence against him or her. Jury instructions must set forth all of the elements of any charged offense and must include any material issues, theories, or defenses supported by the evidence.") (quotation marks and citation omitted). Furthermore, the prosecution rightfully admits on appeal that the trial court should have allowed defendant the opportunity to present admissible evidence, if it exists, to show that she lawfully possessed the pills.

Finally, it is apparent from our review of the record that the trial judge was somewhat exasperated with defendant. After defendant's testimony, the trial court scolded her outside the jury's presence for "going well outside the bounds of a question" and, seemingly, for testifying about "certain things" that the trial judge had ruled inadmissible. The trial judge then threatened defendant with being held in contempt and threatened to admonish her in front of the jury if she did not confine herself to answering the questions asked. At sentencing, the trial judge again discussed defendant's claim that she had the pills because she was her sister's caretaker; the judge stated that "it was not a defense." The trial judge further told defendant at sentencing that he did not think she had accepted responsibility for her actions:

---

[2] The prosecution claims on appeal to have reviewed a recording of a status conference where the trial court allegedly made its ruling, but the prosecution nonetheless did not have this recording transcribed and provided to this Court. While the prosecution's representation reflects that a decision was made by the trial court, there is no claim that the court conducted a full hearing specifically addressing the motion in limine. In the absence of documentation to the contrary, we assume no such hearing was held. Certainly, without some record of what exactly transpired regarding this motion and the trial court's decision and reasoning, there is nothing for this Court to review in order to determine whether error occurred.

I still don't think I did anything wrong. That's not recognition of responsibility. A recognition of responsibility would have been listening to the advice your attorney were giving you—was giving you before we ever got to a trial and say, you know what, I really don't have a defense to this so, you know, what am I being offered? I think you were offered a 7411 sentence or a plea to use or something like that beforehand, and I can't remember exactly what the plea offer was, but you had an opportunity to have this very thing before you choose to go through a trial.

Now, I'm not punishing somebody because they choose to exercise their right to go through a trial. Far be it from that. That's not how this works at all. But the—and I certainly would not presume to do something like that. You have the right to have a trial. And so—and believe me, I'm always happy to accommodate folks who want to have a trial.

On remand, we presume that the trial judge will be able to render a fair ruling that is based on the proper legal standards, as well as the evidence and legal arguments presented during the hearing, despite his apparent frustration with defendant and skepticism of the legitimacy of defendant's asserted defense.

Remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Stephen L. Borrello
/s/ Douglas B. Shapiro